**Theodore R. COZZA, Plaintiff,**

v.

**Frederick B. LACEY, et al.,**
**Defendants,**

**United States of America, Intervenors.**

**No. 90 Civ. 1226 (DNE).**

United States District Court,
S.D. New York.

July 10, 1990.

Otto G. Obermaier, U.S. Atty. for the S.D.N.Y., Edward T. Ferguson, III, Peter Sprung, Asst. U.S. Attys., of counsel, for intervenors U.S.

Charles M. Carberry, Investigations Officer, New York City, and Robert W. Gaffey, of counsel;

Anderson, Kill, Olick & Oshinsky, P.C., New York City, Jordan Stanzler, of counsel (Jubelirer, Pass & Intrieri, Joseph J. Pass, of counsel) for plaintiff Theodore Cozza.

MEMORANDUM & ORDER

EDELSTEIN, District Judge:

This memorandum arises out of plaintiff's July 10, 1990 motion for a preliminary injunction in the instant suit, an action related to *United States v. International Brotherhood of Teamsters et al.*, 88 Civ. 4486 (the "underlying suit"). For the reasons to be discussed, plaintiff's motion is denied.

*I. Background*

The underlying suit was brought on June 28, 1988, charging defendants International Brotherhood of Teamsters (the "IBT"), members of its General Executive Board, (the "GEB") and others with civil RICO violations, principally facilitating La Cosa Nostra's continuing influence over the IBT. The underlying suit was settled by the entry of a consent order on March 14, 1989

(the "Consent Decree"). The Consent Decree created a remedial scheme by amending selected election and disciplinary provisions of the IBT constitution. The Consent Decree provided for the appointment of three Court Officers to oversee its implementation, the Independent Administrator, the Election Officer, and Investigations Officer.

At the time of the filing of the underlying suit, Cozza was a member of the GEB, and ultimately a signatory to the Consent Decree. Defendant Lacey is the Court appointed Independent Administrator; defendant Carberry is the Court appointed Investigations Officer. Lacey and Carberry's authority derives from changes in the IBT constitution agreed to by the defendants to the underlying suit, the IBT and GEB and others enumerated in the Consent Decree.

Plaintiff's motion seeks to (1) enjoin Independent Administrator Lacey from hearing disciplinary charges filed against him by Carberry; or (2) require Investigations Officer Carberry to provide Cozza with extensive discovery on the particulars of the charges against him.

*II. Discussion*

At heart, Cozza's motion for a preliminary injunction seeks to prevent the Independent Administrator from holding a scheduled July 14, 1990 hearing on charges filed by the Investigations Officer. The charges filed by the Investigations Officer allege that Cozza knowingly associated with organized crime figures in violation of Article II, § 2(a) of the IBT constitution ("§ 2(d)") which bars conduct that would "bring reproach upon the union." In sum, the charges allege that Cozza associated with organized crime figures when an international vice president of the IBT— bringing reproach upon that union.

In this circuit, it is well settled that the standard for issuing a preliminary injunction is a showing of (a) irreparable harm *and* (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly towards the plain-tiff requesting the preliminary injunctive relief. Since Cozza cannot demonstrate that he stands to suffer any irreparable harm, his motion for a preliminary injunction must be denied.

Specifically, Cozza argues that the charges filed by the Investigations Officer alleging violations of § 2(d) transgress his rights under the United States Constitution by (1) denying him his freedom of association, and (2) violating his due process rights by being overly vague. Cozza further contends that his facing these charges violates his rights under (3) the Labor Management Reporting and Disclosure Act, ("LMRDA"), 29 U.S.C. § 411(a)(5)(A) to "written specific charges," and (4) his rights under the IBT constitution. At argument, Cozza contended that (a) the lack of specificity of the charges, and (b) incomplete pre-hearing discovery constituted his irreparable harm.

At the outset, the Court observes that Cozza's instant motion for a preliminary injunction involves issues remarkably similar to those previously raised by former GEB member and Consent Decree signatory Harold Friedman. Friedman unsuccessfully moved this Court to enjoin a pending disciplinary hearing on charges filed by the Investigations Officer to be heard by the Independent Administrator. In its November 2, 1989 Memorandum and Order (the "November 2, 1989 Memorandum"), 725 F.Supp. 162 (S.D.N.Y.1989), *aff'd on other grounds* (2d Cir. June 1, 1990), this Court specifically ruled that because under the Consent Decree charged IBT members had an automatic right to seek review of a decision by the Independent Administrator "no IBT member with a similar hearing pending faces irreparable harm." *Id.* at 169. In the November 2, 1989 memorandum, this Court stated that "a pending hearing before the Independent Administrator does not constitute irreparable harm to Friedman, Hughes, or any future IBT member similarly situated." *Id.*

Cozza's attempt to differentiate his situation from that faced by Friedman is a distinction without a difference, and savages the logic of this Court's decisions in that matter. *See* November 2, 1989 Memoran-

dum, *supra*, 725 F.Supp. 162. Cozza's current situation is indistinguishable from that faced earlier by Friedman. Cozza has argued that his situation differs from Friedman's since irreparable harm may inure from alleged constitutional violations in the process followed by the Court Officers. But like Friedman, in this instance Cozza has suffered no deprivation, either alleged or actual. In the event that the Independent Administrator should rule adversely, Cozza automatically may appeal that determination to this Court pursuant to ¶ F.12.(A) of the Consent Decree. At that time, Cozza may then petition this Court to overturn the Independent Administrator's ruling. Indeed, Cozza has not put forth a single argument in support of this injunction that he could not validly raise in a later appeal of the decision of the Independent Administrator to this Court.

Cozza's substantive argument, that the charges are too inspecific for him to properly prepare a defense, was similarly considered in the Friedman and Hughes matter. There, this Court held that challenges to the specificity of charges are properly brought on a member's appeal of a decision by the Independent Administrator pursuant to ¶ F.12.(A) of the Consent Decree. March 8, 1990 Opinion and Order, 735 F.Supp. 506, 517 (S.D.N.Y.1990), *aff'd* (2d Cir. June 1, 1990).

Cozza faces a disciplinary hearing before the Independent Administrator. At this point, harm is merely speculative since the charges have not been substantiated against him. The Independent Administrator has made no determination on the charges. No punitive penalties have been imposed on Cozza. In sum, Cozza faces no cognizable irreparable harm from the July 14, 1990 hearing before the Independent Administrator.

Further, it is disingenuous for Cozza to now argue that prosecution under the remedial scheme which he specifically assented to deprives him of any rights. In this instance, Cozza faces the equivalent of an internal union disciplinary proceeding on charges that as a member of the GEB, he violated a provision of the IBT constitution by knowingly associating with organized crime figures. Indeed, the Consent Decree actually vests IBT members with a right of review of the internal disciplinary proceedings beyond that mandated by the LMRDA, 29 U.S.C. § 401 *et seq.*

The timing of Cozza's motion for a preliminary injunction further reveals its speciousness. The Investigations Officer filed these disciplinary charges against Cozza in September of 1989. Cozza petitioned the Independent Administrator for further specificity in the charges in November of 1989, which the Independent Administrator denied. Yet, Cozza waited until February of 1990 to commence the instant action, and two weeks before the July 14, 1990 hearing to file this motion. Such actions belie any claims of irreparable harm.

Cozza identifies numerous flaws with the Investigation Officer's charges, and asserts that his facing such charges transgresses his Constitutional rights. In order for Cozza to be deprived of his Constitutional rights, he must demonstrate that the Court Officers are government actors whose authority is limited by the Constitution. The parties submissions on this matter generated much discourse over whether the Consent Decree's remedial scheme constitutes state action. Since such a determination is unnecessary to decide the instant motion, this Court will refrain from determining this question.

Further, Intervenor United States of America moves this Court to (1)(a) dismiss the complaint by failure to state a claim on which relief may be granted or (b) grant the Government summary judgment; (2) consolidate this action with the underlying suit; and (3) for sanctions against Cozza. These motions will not be considered in this memorandum.

### III. Conclusion

For the reasons stated above, it is hereby ordered that plaintiff's motion for a preliminary injunction is denied.

So Ordered.