07-1410-cr
United States v. Guevara-Umana

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Argued:   June 11, 2008                          Decided: August 15, 2008)

Docket No. 07-1410-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.

NELSON GUEVARA-UMANA, also known as Nelson A. Guevara,

*Defendant-Appellant*.

_____

Before: LEVAL, CALABRESI, and POOLER, *Circuit Judges*.

_____

Defendant-Appellant appeals a judgment of conviction entered in the United States District Court for the Eastern District of New York (Feuerstein, *J*.).  The district court denied Defendant-Appellant's motion to dismiss the indictment for purported violations of the Speedy Trial Act and the Due Process Clause of the Fifth Amendment.

Affirmed.

> EVAN C. WILLIAMS, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Benton J. Campbell, interim United States Attorney for the Eastern District of New York, New York, N.Y., *for Appellee*.

- 1 -

EDWARD S. ZAS, Federal Defenders of New York, Inc, Appeals Bureau, New York, N.Y., *for Defendant-Appellant*.

_____

PER CURIAM:

Defendant-Appellant Nelson Guevara-Umana ("Guevara") appeals a judgment of conviction entered in the United States District Court for the Eastern District of New York (Feuerstein, *J.*). Guevara pled guilty to one count of illegally reentering the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. The guilty plea, however, was conditioned on the right to appeal the district court's denial of a motion to dismiss the indictment. Guevara argues that his pre-indictment detention by the immigration authorities violated his rights under the Speedy Trial Act ("STA") and the Fifth Amendment's Due Process Clause, and that the district court should have dismissed the indictment on those grounds.

## BACKGROUND

In 1993, Guevara, a citizen of El Salvador, was convicted in Nassau County, New York, of attempted rape, an aggravated felony. In 1999, as a result of that conviction, he was deported to El Salvador. By 2004, however, Guevara was back in the United States; he was arrested on February 21, 2004 for attempted grand larceny in Long Beach, New York. He was committed to the Nassau County Correctional Center ("NCCC") pending trial for the larceny offense.

On the day Guevara was arrested for larceny, the INS filed an immigration detainer. The detainer advised state officials that an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States." The investigation was based on the 1999 removal order. On March 4, 2004, INS Special Agent Anne Fanning filed a "Record of Deportable Alien / Inadmissible Alien." This read:

> SUBJECT is currently incarcerated at the Nassau County Correctional Center, East Meadow, NY. SUBJECT was previously deported as an Agg Felon. Subject is a reinstatement of the previous order of Removal.

On March 5, 2004, the immigration authorities served Guevara with a "Notice of Intent / Decision to Reinstate Prior Order [of Removal]." This notice stated that "[i]n accordance with section 241(a)(5) of the Immigration and Nationality Act . . . you are hereby notified that the Attorney General intends to reinstate the order of Removal entered against you." This intent was based on the authorities' determinations that Guevara was an alien who (1) was subject to a prior order of removal; (2) was removed on September 29, 1999; and (3) illegally reentered the United States at an unknown time and place. The notice stated that Guevara could contest these determinations by making a written or oral statement to an immigration officer. In response, Guevara checked the box on the notice indicating that he "wish[ed] to make a statement contesting th[e] determination."

Guevara pled guilty to attempted grand larceny on May 6, 2004. He remained at the NCCC pending sentencing proceedings. On May 10, 2004, the immigration authorities confirmed, by way of fingerprint check, that Guevara was the same person who was convicted of the rape offense in 1993, and deported in 1999. On May 21, 2004, INS Special Agent Raab wrote a "Memorandum for

File," which stated that "[i]n accordance with the provisions of 8 C.F.R. 287.2, investigation has been conducted in the subject's case in view of an apparent violation of 8 U.S.C. 1326." The Memorandum also noted:

> Investigation has been conducted with the following result:
> (X) Complaint for violation of 8 USC 1326 authorized by the U.S. Attorney Cynthia Monaco, EDNY

On June 3, 2004, Guevara was sentenced to time served on the attempted grand larceny conviction, but he was not released from custody. Instead, he remained at the NCCC pursuant to the February 21, 2004 INS detainer. Nearly four months passed, and then on September 24, 2004 the Department of Homeland Security issued a "Certificate of Nonexistence of Record," stating that no record existed of Guevara having applied for or being granted permission to reenter the United States after the 1999 deportation.

On September 30, 2004, Guevara was arraigned, and on October 26, 2004, a grand jury returned an indictment charging him with unlawfully reentering the United States after having been deported for an aggravated felony.

Guevara moved to dismiss the indictment, contending: (1) that his pre-indictment immigration detention violated the Speedy Trial Act (STA); and (2) that the detention violated his right to due process. The district court denied Guevara's motion to dismiss on October 26, 2006. Guevara entered a conditional guilty plea, allowing him to appeal the District Court's denial of the motion to dismiss, and received a 61-month sentence. This appeal followed.

DISCUSSION

The STA requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). In the event of a violation, the Act mandates dismissal of the charge; the dismissal may be with or without prejudice.[1] 18 U.S.C. § 3162(a)(1). Guevara claims he was arrested "in connection with" the illegal re-entry charge when he was "released" from Nassau County custody into immigration detention on June 3, 2004.

Ordinarily, administrative detention by the immigration authorities does not constitute an arrest in connection with a federal criminal offense. And we agree with at least seven other circuits that civil immigration detention does not normally trigger the Act's thirty-day arrest-to-indictment time limit. *See United States v. Rodriguez-Amaya*, 521 F.3d 437, 441 (4th Cir. 2008); *United States v. Dyer*, 325 F.3d 464, 468 (3d Cir. 2003); *United States v. Garcia-Martinez,* 254 F.3d 16, 19 (1st Cir. 2001); *United States v. Noel,* 231 F.3d 833, 836 (11th Cir. 2000); *United States v. De La Pena-Juarez,* 214 F.3d 594, 597 (5th Cir. 2000); *United States v. Grajales-Montoya,* 117 F.3d 356, 366 (8th Cir. 1997); *United States v. Cepeda-Luna,* 989 F.2d 353, 355-56 (9th Cir. 1993).

Following the lead of several other circuit courts, however, we also recognize an exception to this general principle in "cases of collusion between [immigration] officials and criminal authorities, where the civil detention is merely a ruse to avoid the requirements of the Speedy Trial

---

[1] District courts are directed to consider various factors in determining whether the dismissal should be with or without prejudice, including "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1).

Act." *Cepeda-Luna*, 989 F.2d at 354. Where that is so, the putative civil detention constitutes, in substance, an arrest in connection with the later criminal charges, and therefore activates the STA's protections. Although it is not necessary to decide this case, we believe a ruse exception is appropriate. What suffices to be a ruse, however, is best left to a case where the question arises.

Examining the ruse exception in light of the facts of this case, the district court concluded that Guevara did not satisfy the exception's requirements. We agree. The record shows that Guevara was detained by the immigration authorities for two purposes: deportation and prosecution. He was held over the summer of 2004 while the civil authorities ascertained whether he had been granted permission to re-enter the United States. During that time, the immigration authorities also collaborated with the U.S. Attorney's Office for the purposes of a criminal investigation. But cooperation of this sort is not sufficient to establish collusion for the purpose of evading the STA. *See Grajales-Montoya*, 117 F.3d at 366-67 ("[T]he fact that federal officials are aware of, and perhaps slightly involved in, the deportation proceedings . . . would not establish, as a matter of law, the requisite collusion.").

Once it was established that Guevara had not been granted permission to re-enter the country after his prior deportation, the prosecuting authorities moved quickly to procure an indictment. The district court correctly concluded that Guevara failed to show a sufficient connection between the subsequent prosecution and continued detention. Accordingly, we affirm that court's decision that Guevara failed to establish a violation of the STA.[2]

---

[2] Additionally, because Guevara did not raise the STA issue until *after* an indictment was issued, a question arises whether the language of the act provides a basis for dismissing the indictment or vacating the conviction, absent a finding that the case should be dismissed with prejudice. Section 3162(a)(1) provides, where an indictment is not filed within the specified time following the complaint, that the charge "contained in the complaint" shall be dismissed. It does not say

Guevara's due process claim may be dealt with summarily. We agree with the district court that Guevara's pre-indictment detention was not punitive in nature. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The purpose of deportation is not to punish past transgressions but rather to put an end to a continuing violation of the immigration laws."). Nor was the length of his detention–three and a half months–unusual in comparison with cases in which no criminal charges are involved. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that six months is a presumptively reasonable period of time for an alien to stay in INS custody prior to deportation). Accordingly, that detention did not violate Guevara's rights under the due process clause of the Fifth Amendment.

## CONCLUSION

The judgment of the district court is **AFFIRMED**.

---

that an *indictment* obtained after the passage of the specified period shall be dismissed. The section goes on, however, to leave it to the court to determine "whether to dismiss the case with or without prejudice." Guevara's appeal therefore poses the question whether a defendant whose motion under § 3162(a)(1), protesting the delay between complaint and indictment, is not made until after an indictment has been filed, when the complaint has been superceded, can obtain any relief under this section, other than relief based on a determination that the case should be dismissed with prejudice. *See, e.g.*, *United States v. Bergouignan*, 764 F.2d 1503, 1508 (11th Cir. 1985); *United States v. Brittle*, 699 F.2d 1201, 1207 (D.C. Cir. 1983). Because of our determination that there was no violation, however, we need not answer that question.