09-2275-cv
Fort v. American Federation of State, County and Municipal Employees, AFL-CIO

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand ten.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*[*]

-------------------------------------------------------------------
CLAUDE FORT and VINCENT SAWINSKI,
> *Plaintiffs-Appellants*,

v.                                                                  No. 09-2275-cv

AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES, AFL-CIO,
> *Defendant-Appellee.*
-------------------------------------------------------------------

APPEARING FOR APPELLANTS:     ARTHUR Z. SCHWARTZ, Schwartz, Lichten & Bright, P.C., New York, New York.

APPEARING FOR APPELLEE:     BARRY I. LEVY (Harris J. Zakarin, *on the brief*), Rivkin Radler LLP, Uniondale, New York.

--------------------

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

Appeal from the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 15, 2009, is AFFIRMED.

Plaintiffs Claude Fort and Vincent Sawinski, members and officers of the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"), appeal the dismissal of their Section 301 complaint, see 29 U.S.C. § 185, against AFSCME for failing to afford them a timely trial on charges of misconduct, as required by AFSCME's constitution. More specifically, plaintiffs contend that the district court erred by (1) denying their motion for a preliminary injunction barring AFSCME from proceeding on the misconduct charges, (2) declining to exercise jurisdiction over their request for declaratory relief, and (3) requiring them to exhaust internal union remedies.

We review a dismissal under Fed. R. Civ. P. 12(b)(6) de novo, accepting as true the allegations in the complaint and drawing all reasonable inferences in plaintiffs' favor. See Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). We likewise review de novo an award of summary judgment, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). On appeal from a dismissal under Fed. R. Civ. P. 12(b)(1), we review factual findings for clear error and legal conclusions de novo. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

2

We review for abuse of discretion a decision to deny a preliminary injunction, see SEC v. Dorozhko, 574 F.3d 42, 45 (2d Cir. 2009); to decline jurisdiction over a request for a declaratory judgment, see Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 388 (2d Cir. 2005); or to require exhaustion of union remedies, see Maddalone v. Local 17, United Bhd. of Carpenters & Joiners of Am., 152 F.3d 178, 183 (2d Cir. 1998). In applying these standards, we assume familiarity with the facts and procedural record, which we reference only as necessary to explain our decision to affirm.

1.    Preliminary Injunction

A party seeking a preliminary injunction must demonstrate "(1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008). To show irreparable harm – "the single most important prerequisite for the issuance of a preliminary injunction" – plaintiffs must establish a likely injury "that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted).

We detect no abuse of discretion in the district court's determination that plaintiffs failed to make the required showing of irreparable harm. Plaintiffs asked the district court

3

to enjoin an ongoing disciplinary proceeding whose outcome remained unknown.[1] Even had the charges against them been sustained, appeals were available to the AFSCME International Convention and thereafter in federal court. Thus, the claimed injury of possible discipline was both speculative and redressable. See id. at 118; Cozza v. Lacey, 740 F. Supp. 285, 287 (S.D.N.Y. 1990) (declining to enjoin union disciplinary proceeding where "harm [wa]s merely speculative since the charges ha[d] not been substantiated"); United States v. Int'l Bhd. of Teamsters, 725 F. Supp. 162, 169 (S.D.N.Y. 1989) (same where plaintiffs "ha[d] recourse to appeal"); Rivera v. Feinstein, 636 F. Supp. 159, 164 (S.D.N.Y. 1986) (same and collecting cases).

Nor are we persuaded by plaintiffs' contention that trial itself constituted irreparable harm. Plaintiffs' reliance on Sheridan v. Liquor Salesmen's Union, 303 F. Supp. 999 (S.D.N.Y. 1969), is misplaced. In Sheridan, the union had "no power to discipline plaintiffs on [the challenged] charges." Id. at 1004. Here, there is no question as to the union's authority over the charges, only its timely exercise of that authority. Under the AFSCME constitution, a trial body's failure to proceed in a timely fashion does not bar further proceedings. Rather, "either party shall have the right to appeal to the next higher trial body."

Plaintiffs' attempt to draw an analogy from the Speedy Trial Act, 18 U.S.C. §§ 3161-

---

[1] Indeed, according to AFSCME, the appeal process is still ongoing, plaintiffs having appealed unsuccessfully to its full Judicial Panel and most lately to its International Convention, currently scheduled for June 2010.

4

3174, is also unconvincing. The Act itself is inapplicable in civil proceedings, even where the risk of prejudice is substantially greater than it is here. See, e.g., United States v. Guevara-Umana, 538 F.3d 139, 141 (2d Cir. 2008) ("[C]ivil immigration detention does not normally trigger the Act's thirty-day arrest-to-indictment time limit."). Moreover, even violations of the Act do not foreclose trial, as district courts may dismiss indictments without prejudice. See 18 U.S.C. § 3162(a); United States v. Kiszewski, 877 F.2d 210, 213 (2d Cir. 1989).

   2.    Permanent Injunction

Plaintiffs' patent inability to demonstrate imminent and irreparable harm further supports the dismissal of their complaint seeking permanent injunctive relief. See Roach v. Morse, 440 F.3d 53, 56 (2d Cir. 2006) (identifying irreparable harm as essential to claim for permanent injunction). No different conclusion is warranted by plaintiffs' effort to recast their claim as one for specific performance of contractual obligations embodied in the AFSCME constitution. The amended complaint may omit the original pleading's references to preliminary and permanent injunctions, but it effectively seeks identical relief, including "an order directing AFSCME to dismiss the charges." Am. Compl. at 11. Such an order is indistinguishable from an injunction. See Petrello v. White, 533 F.3d 110, 114 (2d Cir. 2008) (observing that specific performance order may be "injunctive in character"); cf. HBE Leasing Corp. v. Frank, 48 F.3d 623, 632 n.6 (2d Cir. 1995) (noting that order prohibiting party "from pursuing litigation in another court is unquestionably an injunction for purposes

5

of interlocutory appeal" (quoting 16 Charles A. Wright et al., Federal Practice and Procedure § 3923 (1977))). In any event, as irreparable harm is "a common element" required for either specific performance or injunctive relief, Nemer Jeep-Eagle, Inc. v. Jeep-Eagle Sales Corp., 992 F.2d 430, 433 (2d Cir. 1993), plaintiffs' inability plausibly to demonstrate such imminent injury supported dismissal.

   3.   Declaratory Relief

The Declaratory Judgment Act, see 28 U.S.C. § 2201(a), vests district courts with "broad discretion" to decline jurisdiction over requests for declaratory relief, Dow Jones & Co., Inc. v. Harrods Ltd., 346 F.3d 357, 359 (2d Cir. 2003) (identifying factors relevant to exercise of such discretion, including, inter alia, "whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved"; "whether a judgment would finalize the controversy and offer relief from uncertainty"; and "whether the proposed remedy is being used merely for 'procedural fencing,' or a 'race to res judicata'" (internal quotation marks omitted)). We identify no abuse of discretion in the district court's decision declining jurisdiction in this case.

In the absence of any constitutional provision precluding AFSCME from simply re-charging plaintiffs, the district court reasonably concluded that a judgment declaring the pending charges unlawful would not significantly clarify the legal issues or finalize the controversy. It found further that by suing in federal court even as they pursued their internal union remedies, plaintiffs appeared to have engaged in "procedural fencing" militating

6

against the grant of a declaratory judgment. This assessment of the appropriate factors cannot be said to rest on a clearly erroneous factual finding or an incorrect legal conclusion, and we will not disturb it. See id. at 360.

4.    Exhaustion

Because we affirm the dismissal of plaintiffs' complaint, we need not reach their argument that the district court abused its discretion by requiring them to exhaust their internal union remedies before pursuing relief in federal court.[2] Nevertheless, we doubt that any abuse could be identified, in light of plaintiffs' success in defending against prior charges of misconduct, the absence of any suggestion that the AFSCME appeals process was incapable of exonerating them, and the availability of two levels of internal appeal within a period of several months. See Maddalone v. Local 17, United Bhd. of Carpenters & Joiners of Am., 152 F.3d at 186 (noting that, in determining whether to require exhaustion, district court should consider "[f]irst, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks . . .; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim" (internal quotation marks omitted)). Notwithstanding plaintiffs' contrary

_____

[2] Without objection from the parties, the district court characterized this ruling as a decision on a motion for summary judgment.

7

suggestion, this case bears little resemblance to <u>Detroy v. American Guild of Variety Artists</u>, 286 F.2d 75 (2d Cir. 1961), which held that exhaustion should not be required "where the internal union remedy [wa]s uncertain and ha[d] not been specifically brought to the attention of the disciplined party, the violation of federal law clear and undisputed, and the injury to the union member immediate and difficult to compensate by means of a subsequent money award." <u>Id.</u> at 81 (internal quotation marks omitted). Here, it is undisputed that plaintiffs were made aware of available remedies. Moreover, AFSCME by no means concedes that the challenged disciplinary proceeding violates federal law.

We have considered plaintiffs' remaining contentions, and we conclude that they are without merit. The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court