06-3624-cv
Petrello v. White

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2007

(Motion Submitted:  February 19, 2008                    Decided: July 10, 2008)

Docket Nos. 06-3624-cv, 07-3812-cv

_____

ANTHONY G. PETRELLO and CYNTHIA A. PETRELLO,

Plaintiffs-Counterclaim-Defendants-Appellees,

- v. -

JOHN C. WHITE, JR. and WHITE INVESTMENT LIMITED PARTNERSHIP,

Defendants-Counterclaimants-Appellants.

_____

Before:  KEARSE, CALABRESI, and KATZMANN, Circuit Judges.

Motion to dismiss defendants' appeals from orders of the United States District Court for the Eastern District of New York, Denis R. Hurley, Judge, granting plaintiffs summary judgment on a claim for specific performance of a contract for the sale of land, and denying reconsideration.

Appeals dismissed for lack of an appealable order.

BERG & ANDROPHY, Houston, Texas (David H.Berg, Houston, Texas, of counsel), for Plaintiffs-Counterclaim-Defendants-Appellees.

GREENBERG TRAURIG, New York, New York (Brian S. Cousin, Jonathan E. Goldberg, New York, New York, of counsel), for Defendants-Counterclaimants-Appellants.

KEARSE, Circuit Judge:

Defendants John C. White ("White") and White Investment Limited Partnership have appealed from (a) an order of the United States District Court for the Eastern District of New York, Denis R. Hurley, Judge, granting partial summary judgment in favor of plaintiffs Anthony G. Petrello ("Petrello") and Cynthia A. Petrello (collectively "the Petrellos") on their claim for specific performance of a contract for the sale of land, and (b) an order denying defendants' motion for reconsideration of that order. Plaintiffs move to dismiss the appeals principally on the ground that they are untimely. Because the district court has not entered either a final judgment disposing of all the issues in the case or a partial final judgment pursuant to Fed. R. Civ. P. 54(b), and because the orders challenged are neither injunctions nor orders relating to injunctions as specified in 28 U.S.C. § 1292(a)(1), we dismiss the appeals for lack of an appealable order rather than for untimeliness.

I.  BACKGROUND

For purposes of these appeals and the present motion to dismiss, we summarize the pertinent history of this litigation largely as it is described in the opinion of the district court granting specific performance, reported at 412 F.Supp.2d 215 (2006) ("Petrello I"), familiarity with which is assumed. In 1998, White, the owner of a 57-acre farm in the Hamlet of Sagaponack, in the Town of Southampton, New York, agreed to sell the Petrellos 9.56 acres of his farm for $2.1 million. The contract, which was signed in the summer of 1998, provided that the closing would take place on or about September 10, 1998, subject to White's obtaining approval from state and local authorities for the subdivision of his property. Approval was not forthcoming until June 2000.

In the meantime, the price of real estate had skyrocketed, and the 9.56 acres at issue were appraised to be worth between $14.5 and $16 million. In late 2000, and again in April 2001, White's attorney sent Petrello closing documents, and Petrello signed and returned them; White, however, refused to sign.

As a result of White's refusals, the Petrellos commenced the present action, demanding, inter alia, specific performance of the contract and damages for White's delay in closing the sale. Defendants answered and asserted various counterclaims. After settlement attempts failed, plaintiffs moved for partial summary judgment, arguing that all of defendants' counterclaims and affirmative defenses lacked merit as a matter of law and requesting that the court award specific performance of the contract and direct White to close title in accordance with its terms.

In Petrello I, decided on February 2, 2006, the district court granted partial summary judgment to the Petrellos, stating that it "grants Petrello's request for specific performance according to the terms of the 1998 Contract of Sale." 412 F.Supp.2d at 231; see also id. at 236 ("Plaintiffs' motion for summary judgment is GRANTED and the Court ORDERS specific performance of the August 1998 Contract of Sale."). The court dismissed all of the counterclaims defendants had previously asserted, see id. at 226, 229, 233, but granted them leave to assert two new counterclaims, see id. at 236.

Following a period of some six months, during which the parties, inter alia, argued over whether the district court should enter a partial final judgment pursuant to Rule 54(b) and whether the portion of Petrello I that granted plaintiffs summary judgment on their specific performance claim was immediately appealable in the absence of such a judgment, defendants filed a notice of appeal from Petrello I on August 2, 2006. On August 4, defendants moved in the district court to stay, reconsider,

and vacate Petrello I. In light of that motion--which plaintiffs opposed as untimely--plaintiffs were allowed to withdraw their Rule 54(b) motion without prejudice, and defendants were allowed to withdraw their appeal without prejudice.

Following the parties' additional unsuccessful efforts at settlement, the district court, in a Memorandum of Decision and Order dated August 7, 2007, reported at 2007 WL 2276300 ("Petrello II"), denied defendants' motion to reconsider and vacate Petrello I, finding the motion both untimely and lacking in merit. The court stated that it would "stay specific performance of the Contract subject to Defendants' restoration of their appeal within thirty (30) days of the date hereof." Id. at *12.

In September 2007, defendants' original appeal was reinstated. In addition, defendants filed a notice of appeal challenging Petrello II. Plaintiffs have moved to dismiss both appeals on the principal ground that they are untimely. For the reasons that follow, we dismiss the appeals instead for lack of an appealable order.

## II. DISCUSSION

The jurisdiction of the federal courts of appeals to entertain appeals from decisions of the district court is circumscribed by statute. Pursuant to 18 U.S.C. § 1291, we have jurisdiction to hear timely appeals from final judgments or from partial final judgments entered pursuant to Fed. R. Civ. P. 54(b). A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision. See, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978). An appealable partial final judgment is one

that adjudicates fewer than all of the pending claims and is entered upon the court's "express[] determin[ation] that there is no just reason for delay," Fed. R. Civ. P. 54(b). See, e.g., Citizens Accord, Inc. v. Town of Rochester, 235 F.3d 126, 128 (2d Cir. 2000). Pursuant to 18 U.S.C. § 1292, we also have jurisdiction to hear timely appeals from interlocutory orders of the types specified in that section. To the extent invoked on these appeals, that section provides the courts of appeals with jurisdiction over appeals from

> [i]nterlocutory orders of the district courts of the United States, . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.

18 U.S.C. § 1292(a)(1).

In the present action, there is no suggestion that appellate jurisdiction rests on § 1291. Plaintiffs' claims for damages remain pending for trial; no final judgment has been entered. See generally Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744 (1976) (partial summary judgments "are by their terms interlocutory . . . and[,] where assessment of damages or awarding of other relief remains to be resolved[,] have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291"). Nor has a partial final judgment been entered here pursuant to Rule 54(b). Rather, invoking § 1292(a)(1), defendants contend that the district court's specific performance order in Petrello I is appealable as a interlocutory injunction, and that the court's refusal in Petrello II to vacate that order is appealable as an order refusing to dissolve an injunction. We disagree.

Requirements for the form and content of a proper injunction are set forth in the Federal Rules of Civil Procedure:

> Every order granting an injunction and every restraining order must:
>
> (A) state the reasons why it issued;

- 5 -

(B) state its terms specifically; and

(C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

Fed. R. Civ. P. 65(d)(1) (emphases added). This Rule "reflects Congress' concern with the dangers inherent in the threat of a contempt citation for violation of an order so vague that an enjoined party may unwittingly and unintentionally transcend its bounds." Sanders v. Air Line Pilots Ass'n, 473 F.2d 244, 247 (2d Cir. 1972); see also 11A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2955, at 308-09 (2d ed. 1995). Thus, Rule 65(d) "is satisfied only if the enjoined party can ascertain from the four corners of the order precisely what acts are forbidden" or required. Fonar Corp. v. Deccaid Services, Inc., 983 F.2d 427, 430 (2d Cir. 1993) (internal quotation marks omitted).

An interlocutory order that grants partial summary judgment without "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify [an] injunction[]"--or without having such an effect--is not ordinarily appealable under § 1292(a)(1). See, e.g., Cuomo v. Barr, 7 F.3d 17, 19 (2d Cir. 1993); see also HBE Leasing Corp. v. Frank, 48 F.3d 623, 632 (2d Cir. 1995) (an order directing a party "to remove any liens she may have asserted on the property that [wa]s subject to her mortgages" was immediately appealable because it had "the practical effect of granting injunctive relief within the meaning of section 1292(a)(1) [as] it [wa]s directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint," and "the appealing party demonstrate[d] serious, perhaps irreparable, consequences" if the order were not immediately appealable (internal quotation marks omitted)); United States v. Bedford Associates, 618 F.2d 904, 914-16 (2d Cir. 1980) (finding a substantive specific-performance-related condition imposed by the district court in an order granting a preliminary injunction to be appealable by the party in whose favor the preliminary injunction was conditionally

granted).

We have not heretofore had occasion to consider whether an interlocutory order granting specific performance of a contract is immediately appealable under § 1292(a)(1) as an injunction, but we have little doubt that if a given specific-performance order is injunctive in character, it would be so appealable. In Union Oil Co. of California v. Leavell, 220 F.3d 562 (7th Cir. 2000), for example, the Court of Appeals for the Seventh Circuit considered the appealability of a district court order that was not denominated an injunction but that granted the plaintiff partial summary judgment on its claim for specific performance of a environmental-cleanup contract and ordered the defendants to perform "eight [specified] tasks," id. at 565. That order was "injunctive in nature, requiring the [defendants] to perform enumerated steps under threat of the contempt power," id. at 566, and the court of appeals concluded that it had jurisdiction under § 1292(a)(1).

Similarly, in Sheet Metal Workers' International Ass'n Local 19 v. Herre Bros., Inc., 201 F.3d 231 (3d Cir. 1999), the Court of Appeals for the Third Circuit concluded that it had jurisdiction under that section to review an interlocutory order granting specific performance of a collective bargaining agreement. In that case, the district court's August 27, 1997 order for specific performance, which was not denominated an injunction, directed the defendant to, inter alia, "specifically perform the 1995 contract between the Union and the [employers' bargaining association] until it expired in 1998." Id. at 237. The order to "perform . . . until" a specific date, plus the fact that the district court did not indicate that that part of its order, unlike certain other parts, was to be stayed until final judgment persuaded the court of appeals "that the court intended the order of specific performance to be an injunctive order that was effective immediately." Id. at 238 (emphasis in original). The August 27, 1997 order also "required [the defendant] to provide the Union with an

accounting of all hours worked by nonunion workers between September 27, 1996, and the date of the order," id. at 237 (emphasis added), clearly indicating that use of nonunion workers was to cease as of the date of the order; and the memorandum accompanying the specific-performance order confirmed that the court was ordering the defendant "'to hire all of its workers from the union hiring hall,'" "'for the remainder of [the contract] term,'" id. at 237-38.

On the other hand, an order for specific performance that lacks specificity is not a proper injunction. In Trans Union Credit Information Co. v. Associated Credit Services, Inc., 805 F.2d 188 (6th Cir. 1986) ("Trans Union"), which apparently was an appeal from a final judgment and hence did not concern appealability, the Court of Appeals for the Sixth Circuit reviewed a decree that granted specific performance of a service contract "[w]ithout providing much detail," id. at 191. The court of appeals observed that

> [i]n its explanation of the acts to be performed under its decree of specific performance, the district court merely directed the parties to comply with the terms of the service agreement. Without more detail, this direction contravenes Fed.R.Civ.P. 65(d) which provides in part:
>
> > Every order granting an injunction and every restraining order shall . . . be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts to be restrained. . . .

805 F.2d at 193 (emphases in Trans Union). The court of appeals concluded that the specific-performance order was unenforceable as an injunction absent an express enumeration of "the obligations each party has under the decree." Id. at 194.

In the present case, in granting specific performance, the district court simply stated in its opinion that it "grants Petrello's request for specific performance according to the terms of the 1998 Contract of Sale," Petrello I, 412 F.Supp.2d at 231 (emphasis added), and that "Plaintiffs' motion

for summary judgment is GRANTED and the Court ORDERS specific performance of the August 1998 Contract of Sale," id. at 236. We think it plain that this language in the court's opinion is insufficient, for two principal reasons, to constitute an injunction.

First, Petrello I does not instruct White to perform specific acts; it does not describe the required conduct in any detail, much less "in reasonable detail" as required by Rule 65(d)(1). Nor can the acts that White is required to perform be ascertained--or the order be complied with--without consulting an "other document," Fed. R. Civ. P. 65(d)(1)(C), to wit, "the August 1998 Contract of Sale" to which Petrello I referred.

Second, even if the district court had repeated the pertinent terms of the August 1998 Contract of Sale in haec verba, obviating the need to consult another document in order to ascertain the terms of the injunction, we would conclude that the order did not constitute an injunction because it did not impose any deadline for White to perform any act. While the usual injunction is designed to maintain the status quo, and thus normally does not require the specification of deadlines for action, an injunction that requires a party to take affirmative actions must--in order that he may be sufficiently cognizant of his obligations to avoid being held in contempt--be sufficiently detailed to enable him to ascertain from the injunction the time by which he must take the required steps. Here, despite the district court's statement in Petrello II that it "stay[ed] specific performance of the Contract subject to Defendants' restoration of their appeal within thirty (30) days," 2007 WL 2276300, at *12 (emphasis added), the fact remains that no date was specified by the court for White to sign and deliver documents, or participate in a closing, or perform any other acts that would be necessary for him to transfer title to plaintiffs. Without any specification of a time by which White was to act, the specific-performance order did not have injunctive effect. Indeed, in the absence of that detail, if Petrello I's

2006 specific-performance order were to be deemed injunctive and were applied literally--<u>i.e.</u>, as requiring White to perform "according to the terms of the 1998 Contract of Sale"--White would, in theory, have been in contempt at the instant that <u>Petrello I</u> was entered, for that contract provided that the "[c]losing shall take place . . . on or about September 10[,] 1998 . . . ."

Given the absence of an order that itself details the actions that White is required to perform and the absence of any specified deadline for performance of any act, we cannot regard the district court's granting of partial summary judgment in <u>Petrello I</u>, ordering specific performance, as an injunction. Accordingly, that order is not now appealable.

Further, as the specific performance order in <u>Petrello I</u> is not appealable, <u>Petrello II</u>'s denial of reconsideration is likewise not appealable. <u>See generally</u> <u>Blanco v. United States</u>, 775 F.2d 53, 56 (2d Cir. 1985).

CONCLUSION

We conclude that the orders challenged by defendants are not appealable orders for the reasons discussed above, and on that basis we grant plaintiffs' motion to dismiss the appeals.

No costs.