11-402-cv
Flaherty v. Massapequa Pub. Sch.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of February, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
                *Circuit Judges*,
LEE H. ROSENTHAL,
                *District Judge.*

---

MAUREEN FLAHERTY,

                *Plaintiff-Appellant*,

        -v.-                                11-402-cv

MASSAPEQUA PUBLIC SCHOOLS, MASSAPEQUA
BOARD OF EDUCATION, ARLENE MARTIN,
CHRISTINE PERRINO, MARIANNE FISHER, in
their official capacities and individually,

                *Defendants-Appellees.*

---

* The Honorable Lee H. Rosenthal, of the United States District Court for the Southern District of Texas, sitting by designation.

FOR APPELLANT:      RICK OSTROVE, Leeds, Morelli & Brown,
                    P.C., Carle Place, NY.

FOR APPELLEES:      STEVEN C. STERN, Sokoloff Stern LLP,
                    Westbury, NY.

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Maureen Flaherty appeals from an order of the United States District Court for the Eastern District of New York (Spatt, *J.*), granting partial summary judgment to Defendants-Appellees and dismissing, among other claims, Flaherty's claim brought pursuant to 42 U.S.C. § 1983.[1]  On appeal, Flaherty challenges only the dismissal of her section 1983 claim alleging that Defendants violated her Equal Protection rights under the Fourteenth Amendment by subjecting her to discrimination based on a misperception of her sexual orientation.  We assume the parties'

---

[1] Although an order granting partial summary judgment is not a final order for purposes of 28 U.S.C. § 1291, the case became final for the purpose of appellate jurisdiction when the district court terminated it on January 14, 2011, effectively disposing of Flaherty's remaining claim that had survived summary judgment. *See Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008).  In addition, the district court later entered judgment dismissing all of Flaherty's claims with prejudice.

familiarity with the underlying facts, procedural history, and issues presented for review.

We review a district court's grant of summary judgment *de novo*. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). Summary judgment is appropriate "only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, 'there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)).

Having conducted an independent review of the record in light of these principles, we affirm the dismissal of Flaherty's section 1983 claim for substantially the same reasons stated by the district court in its Memorandum of Decision and Order. We note, however, that unlike the district court, we express no view in this case regarding whether a person **perceived** as homosexual is in a protected class for equal protection purposes. Even assuming that Flaherty is a member of a protected class, she has failed to meet her burden of showing that Defendants intentionally discriminated against her. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004).

3

We have considered Flaherty's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk