Zanghi v. Callegari

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

Francesco Zanghi,

> *Plaintiff-Counter-Defendant-Appellant*,

Zanghi LLC,

> *Plaintiff-Appellant*,

v.                                                    22-266

Stefano Callegari,

> *Defendant-Counter-Claimant-Appellee.*[1]

_____

---

[1] The Clerk is respectfully directed to amend the caption accordingly.

**FOR FRANCESCO ZANGHI and ZANGHI LLC:**    ANDREA NATALE, New York, NY.

**FOR STEFANO CALLEGARI:**    MICHAEL MANGAN, Mangan Louis LLP, New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Naomi R. Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** and the request for leave to file a petition for a writ of mandamus is **DENIED**.

Appellants Francesco Zanghi and Zanghi LLC (collectively, "Zanghi") appeal from the district court's (1) September 24, 2021 order dismissing a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim against Defendant-Appellee Stefano Callegari and (2) January 7, 2022 order declining to exercise supplemental jurisdiction over a state-law claim against Callegari.  In this interlocutory appeal, Zanghi argues that the court has appellate jurisdiction to review the orders pursuant to 28 U.S.C. § 1291 or the collateral-order doctrine, and that both were erroneous.  Assuming that the court lacks appellate jurisdiction, Zanghi requests the issuance of a writ of mandamus.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Appellate Jurisdiction

This court lacks appellate jurisdiction to review Zanghi's interlocutory appeal from the district court's September 24, 2021 and January 7, 2022 orders.  Under 28 U.S.C. § 1291, "[t]he courts of appeals . . . have jurisdiction of appeals from all final decisions of the district courts."  Under the final-judgment rule, "a party is entitled to a single appeal, to be deferred until final

judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (citation omitted). To determine whether a district court's order is "final," we apply a "pragmatic, nontechnical 'approach to the question of finality.'" *Amara v. Cigna Corp.*, 53 F.4th 241, 249 (2d Cir. 2022) (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962)).

Under the collateral-order doctrine, "only decisions [1] that are conclusive, [2] that resolve important questions separate from the merits, and [3] that are effectively unreviewable on appeal from the final judgment in the underlying action" may be appealed before final judgment. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995).

*First*, the September 24, 2021 and the January 7, 2022 orders are not appealable "final decisions of the district court[]" under the final-judgment rule. 28 U.S.C. § 1291. Section 1291's "core application is to rulings that terminate an action," *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015), and "[a] final judgment or order is one that conclusively determines *all* pending claims of *all* the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008) (emphases added). Here, the district court's September 24, 2021 order dismissed claims against some parties but retained some of Zanghi's securities-fraud and state-law claims. And while the January 7, 2022 order dismissed the remaining state-law claim against Callegari, it did not dismiss any other surviving claims against other defendants. Moreover, proceedings are still pending before the district court, underscoring that neither order terminated Zanghi's action. *Petrello*, 533 F.3d at 113.

Zanghi's argument that the January 7, 2022 order is a "final decision" under the Supreme Court's decision in *Gelboim* is unavailing. *Gelboim* held that "[c]ases consolidated for MDL

3

pretrial proceedings ordinarily retain their separate identities, so an order disposing of one of the discrete cases in its entirety should qualify under § 1291 as an appealable final decision." 574 U.S. at 413 (footnote omitted). That holding has no relevance here. The January 7, 2022 order dismissed the only remaining claim against one defendant (Callegari) in a multi-defendant action; it was not a dismissal of a discrete case consolidated with others in a multidistrict litigation. Neither order is a "final decision" appealable under § 1291.

*Second*, the September 24, 2021 and January 7, 2022 orders do not fall within the collateral-order doctrine because, as a categorical matter, neither raises "important questions separate from the merits." *Swint*, 514 U.S. at 42. Rather, both "involve considerations enmeshed in the merits of the dispute." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988). The September 24, 2021 order dismissed Zanghi's RICO claims under Rule 12(b)(6), which generally requires a district court to scrutinize the substance of the complaint to determine whether the plaintiff has sufficiently pleaded a claim upon which relief may be granted. And the January 7, 2022 order declined to exercise supplemental jurisdiction—a decision under 28 U.S.C. § 1367 requiring a district court to determine whether state and federal claims "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (citation omitted); *see also Campbell-McCormick, Inc. v. Oliver*, 874 F.3d 390, 397-98 (4th Cir. 2017) ("[T]he right to keep . . . state law claims in federal court pursuant to 28 U.S.C. § 1367[] pales in comparison to those interests that have been deemed sufficiently important to give rise to collateral order jurisdiction." (cleaned up)).

Zanghi's arguments to the contrary turn on case-specific considerations, such as the propriety of the district court's purportedly *sua sponte* application of the Private Securities

4

Litigation Reform Act ("PSLRA") bar to Zanghi's RICO claims and the risk of *res judicata* from an Italian court's judgment. "[E]ven if a particular appeal satisfies the three conditions" of the collateral-order doctrine, "we still lack jurisdiction if the appeal is of a type that does not generally fall within the doctrine." *SEC v. Smith*, 710 F.3d 87, 94 (2d Cir. 2013). Following the categorical analysis above, neither the September 24, 2021 order nor the January 7, 2022 order is an appealable order under the collateral-order doctrine.

*Finally*, the lack of appellate jurisdiction over the January 7, 2022 order renders moot Zanghi's request for pendent appellate jurisdiction over the September 24, 2021 order. *See Ogunkoya v. Monaghan*, 913 F.3d 64, 72 (2d Cir. 2019) ("[P]endent appellate jurisdiction is only appropriate where an issue is 'inextricably intertwined' with the other issues on appeal giving rise to the appellate court's jurisdiction or is necessary to ensure 'meaningful review' of those issues."). Without any basis for appellate jurisdiction, this court must dismiss Zanghi's appeal.

**II.       Writ of Mandamus**

We reject Zanghi's alternative request, which we construe as a motion for leave to file a petition for a writ of mandamus.[2] "[T]hree demanding conditions must be satisfied before the writ may issue: (1) the petitioner must have no other adequate means to attain the relief it desires; (2) the petitioner must satisfy the burden of showing that its right to issuance of the writ is clear and indisputable; and (3) the issuing court must be satisfied that the writ is appropriate under the

---

[2] Although the All Writs Act, 28 U.S.C. § 1651, empowers this court to "treat[] an appeal by a litigant as a petition for a writ of mandamus," we have previously observed that "the better course would [be] to treat the appeal as a motion for leave to file a petition for a writ of mandamus," which affords the district judge and the nonpetitioning party an opportunity to respond. *In re Repetitive Stress Inj. Litig.*, 35 F.3d 637, 639-40 (2d Cir. 1994). Zanghi has not petitioned for a writ of mandamus, so we construe his request as a motion for leave to file a petition.

circumstances." *United States v. Manzano* (*In re United States*), 945 F.3d 616, 623 (2d Cir. 2019) (cleaned up). Mandamus is "exceptional" and "to be used sparingly." *Id.* at 622-23 (citations omitted); *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (describing mandamus as a "drastic and extraordinary remedy reserved for really extraordinary causes" (cleaned up)).

This is not such an extraordinary case. Most obviously, Zanghi has "other adequate means to attain the relief he desires." *Cheney*, 542 U.S. at 380 (citation omitted). For instance, Zanghi could "obtain relief through the regular appeals process." *Manzano*, 945 F.3d at 623. Or Zanghi could move in the district court for partial final judgment as to Callegari in order to obtain appellate jurisdiction. *See* Fed. R. Civ. P. 54(b) (allowing a district court, in multi-claim or multi-party action, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay"); *see also Petrello*, 533 F.3d at 113 ("[W]e have jurisdiction to hear timely appeals from . . . partial final judgments entered pursuant to" Rule 54(b)). We express no view on the potential merit of such a motion for Rule 54(b) certification. Given the availability of these other avenues by which Zanghi could seek the desired relief, however, we are unconvinced that issuance of a writ of mandamus would be appropriate.[3]

* * *

---

[3] Should Zanghi secure a partial final judgment as to Callegari, any appeal from that judgment should be assigned to this panel.

We have considered all of Zanghi's remaining arguments and find them to be without merit. For the foregoing reasons, the appeal is **DISMISSED**, and the motion for leave to file a petition for a writ of mandamus is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7