23-446-cv(L)
Abbott Lab'ys. v. H&H Wholesale Servs., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand twenty-four.

PRESENT:  REENA RAGGI,
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

ABBOTT LABORATORIES, ABBOTT
DIABETES CARE INC., ABBOTT
DIABETES CARE SALES
CORPORATION,

Plaintiffs - Counter Defendants -
*Appellees*,

v.

No. 23-446-cv(L)
No. 23-449-cv(con)

H&H WHOLESALE SERVICES,
INC., HOWARD GOLDMAN, LORI
GOLDMAN,

*Defendants - Counter Claimants -*

*Cross Defendants - Appellants,*

ADELPHIA SUPPLY USA, YUDAH NEUMAN, AKA
LENNY NEUMAN, REUVEN SOBEL, AKA CHAIM
SOBEL, MOSES NEUMAN, SHMUEL LEZELL, SAVE
RITE MEDICAL.COM LLC, MARC KAPLAN, MATRIX
DISTRIBUTORS, INC., CHRISTOPHER BENEVENT,
SETH GRUMET, PAPOUTSANIS USA, LLC, DBA VIP
INTERNATIONAL-DROGARIS, GEORGE DROGARIS,
OSD CAPITAL, INC., FKA FARNES ENTERPRISES
CORPORATION, OVERSTOCKDRUGSTORE.COM LLC,
DBA SIMPLEMED SUPPLY, RICK EVENSON, KEVIN
PLUMB, BUDGET HEALTH CORPORATION, DBA
BUDGET DRUGS PHARMACY, JOHN FANDETTI,
ROBERT NEWMYER, MARIA FANDETTI, LORI BLUE,
ANTHONY MEOLA, MARK D. HENKIN, DREAM
CEREAL INC., DBA DIABETESSUPPLIES4LESS.COM,
DOUGLAS HAUCK, BERKELEY DRUGS INC., MAJID
HAMEED, EUGENE HA, CAREWAY PHARMACY INC.,
ANATOLIY FAIN, HARRICO-GALLER DRUG
CORPORATION, JOHN GALLAGHER, HABER J&N
INC., DBA THE MODERN CHEMIST, NAOMI HABER,
JERRY HABER, NORSTRAND PHARMACY, LLC, DBA
VANDERVEER PHARMACY, SARATHCHANDRA
ADUSUMALLI, HEMAGIRI GAYAM, LEV RX CORP,
DBA KIRAS PHARMACY, KIRA LEVKOUSKAYA,
ELIYAHUS PHARMACY, INC., ILIAS MLABASATI,
GLOBAL CARE PHARMACY, INC., D.K.Y.
ENTERPRISES, INC., DBA 8TH AVENUE PHARMACY,
KIM PING JIM, TGIS PHARMACY, INC., DBA SUNRISE
FAMILY PHARMACY, SAJID JAVED, BAY PHARMACY
INC., IRENE PIKER, B & T MARLBORO PHARMACY,
INC., ANATOLY GOROKHOVSKY, LARKE DRUGS,
INC., DBA 110 PHARMACY & SURGICAL, PRASAD
VENIGALLA, LA RUCHE PHARMACY, INC., SUNIL B.
PATEL, ESTATES PHARMACY, INC., MOHAMMED

2

NURUDDIN, JOHN DOE, 1-10, NOVEX AMERICA, DENNIS CANTOR, TRI-STATE MEDICAL SUPPLIES EQUIP. CORP., ERWIN GANZFRIED, MORDECHAI KRITZLER, VALUE WHOLESALE, INC., DIANE BROWN, MEDICAL DISCOUNT SERVICES, INC., BRIAN MESIKA, DARRYL SCHREIBER, XPRESS MEDICAL SUPPLIES CORP., DBA PAYLESS DISTRIBUTORS, MOHAMMED PATEL, ZUBEDA MOTI, MUHAMMAD ARIF, SAPS DRUG WHOLESALE, INC., VILAS ASMIN, RAJESH AMIN, NIMESH AMIN, IXTHUS MEDICAL SUPPLY, INC., KARL KUNSTMAN, COMPLY USA INC., IRANY NIR, OFEK MESSIKA, KIMBERLY PASZKIEWICZ, DRUGPLACE, INC., PAUL LEIGHT, KEVIN SINGER, HMF DISTRIBUTING INC., WHOLESALE DIABETIC SUPPLIES INC., ROSS TRAGER, MATTHEW FRANK, PRIMED PHARMACEUTICALS LLC, VINCENT MONDENADO, MATTHEW ZEIGLER, NE MEDICAL SUPPLY USA, INC., DANIELLE WAYNE, NICK WAYNE, TAS MEDICAL SUPPLY COMPANY, INC., TZVI SKLARZ, PRODUCT PERFORMANCE COMPANY, INC., JERROLD HERMAN, STEPHEN HERMAN, MED-PLUS, INC., ROGER MEZHIBOVSKY, DELRAY MARKETING, LLC, STEVE MICHAELS, DIABETIC PHARMACY SOLUTIONS, LLC, KARL BUCHOLZ, GLOBE WANTED, MASSALAH TRADING U.S.A. LTD., SAAD HADDAD, AKA SAM, HAVEMEYER PHARMACY INC., AKA SOUTH SECOND PHARMACY, MICHAEL BASSANELL, 6122 PHARMACY, INC., 86TH STREET COMMUNITY PHARMACY, ABLE WHOLESALERS OF TENNESSEE, ABSOLUTE FREIGHT SERVICES, ADVANCED PHARMACY LLC, ADVANCED SCRIPTS INC., ALBERT KRITZLER, ALPESHKUMAR VASANI, AMEXPO INTERNATIONAL, LLC, AMIN PHARMACY, INC., AN-NOOR PHARMACY INC., ASHRAF AWAD, ASTUTE HEALTHCARE LIMITED, DBA E-NET SOLUTION,

ATTILA KEKESI, AVI FRANKMAN, BELL APOTHECARY, INC., BENJAMIN WALVOORD, JANI BHAGVAT, BHANUMATI PATEL, BISHAM SINGH GHOTRA, BOB-BILA DISTRIBUTORS, INC., BRIAN BOESHART, BRIAN MCCLELLAND, BRIDESBURG PHARMACY, CAREPOINTE HEALTH CARE CORPORATION, CARL TELANDER, CASHARIM TRADING, AKA CASHRIM, CHAIM GREENFIELD, CHAOYING XUAN, CHAYA BRAISH, CHILDRENS CLINIC PHARMACY, CHRISTOPHER AARONS, CLINTON HERMAN, COOLRELIC, INC., DANJAL HANSEN, DANNY KATZ, DAVID JOHN TIPP, DEALS2000 LLC, DBA JUSTDIABETICTESTSTRIPS.COM, DEDAC NGUYEN, DEEPAK MUNSHI, DELWAR KAHN, DENNIS CHARLES PAY, DESAI'S PHARMACY INC., DIPTIBAHEN PATELDEFE, DISCOVERY PHARMACY INC., DOUGLAS PARKER RUDDERHAM, DWAYNE PORTER, EAST TREMONT PHARMACY INC., EDUARDO GIL, EDWARD CONNELL, ERIK BERG, EXPRESS CHEMIST, FCL HEALTH SOLUTIONS LTD., FIFTY50 MEDICAL, LLC, G&P SUPPLIES, INC., GABECARE DIRECT RX, INC., GARY KAGAN, GEORGE LYNCH, AKA RICK, GLENDALE PRESCRIPTION CENTER, INC., GLOBALMED LIMITED, AKA GLOBALMED PHARMACEUTICAL WHOLESALER, GOODLIFE PHARMACY INC., GOOLAM SHEIKH, GREGORY PETER SANTULLI, GREGORY S. DIXON, GREGORY SARGENT, GURPREET SINGH, GUY SAVIA, HANNA NGUYEN, HARMANPREET BAL, HETASVEEBEN MAHENDRABHAI VANAPARIYA, HIRONORI MITSUISHI, HSIU SARGENT, INSIGHT DESIGNS, INC., ISSA KASHOU, JACQUELINE HERRERA, JAMES H. REDECOPP, JASON GRAMA, JASVIR SINGH SOHI, JENNIFER HERMAN, JENNY NGUYEN, JIRI SVEC, JOEL SILBERSTEIN, JOHN SEAL, JOHNNY K. CHAN, JONATHAN NIKOLAS WOODS,

4

JOSEPH KARAS, JOYCE MOGIL, KENNETH RUIZ, KEYUR SHAH, KIRI PATEL, KONIE MINGA, KONSTANTINOS POLYCHRONOPOULOS, KRUNAL VASANI, KULBIR SINGH SOHI, LAFAYETTE DRUGS, LARRY E. SMITH, LAURYNAS LEMESOVAS, LEONID BEIGELMAN, LESLIE BOESHART, LESLIE STEWART JONES, LIGHTBOX MEDICAL LLC, LUBNA ARSHAD, LUIS SANTIAGO, LUIS SOTO, M & L BROTHERS PHARMACY, INC., MAGCHOP, LLC, MANIFEST PHARMACY LLC, MANISH MITTAL, MARK MOGIL, MARLENY CANETE, MAULIK SHAH, MEDEX SUPPLY DISTRIBUTORS INC., MEDICAL CARE SUPPLIES INC., MEDICAL DISCOUNT SERVICES, LLC, DBA MEDICAL WHOLE SALE SUPPLIES, MEDWORLD SUPPLY INC., FKA SP DIST. INC., MISAR LLC, MOHAMMAD ARSHAD, MONSUR CHOWDHURY, MOSHE BRAISH, MUJJAHID UL HUQ, N A & S DRUGS, INC., DBA FALCON HEALTHMART DRUGS, N HOSKING & S DUFFELL, DBA TOWERS PHARMACY, NABILA CHAUDHRY, NACHMAN NEIL FEIG, NADER PARSIAN, NATIONAL MEDICAL MANAGEMENT, NEIL J. HOSKING, NESSIN USSEIN, NIGEL HUW BUSH, NOEMI RUIZ, NOURI FITHA, NPR BIOMEDICAL INC., NWHOLESALEDEAL, INC., OLIVER SUESS, OXFORD PHARMACY, INC., PARITOSH MAZUMDER, PAT KEKESI, PATRICIA HERMAN, PAUL MICHAEL CAPPER, PERFECTO H. HALLON, PETER E. SUTULOV, PHARMA SUPPLY, INC., PHARMACY WHOLESALE SERVICES INC., AKA PROFESSIONAL PHARMACY WHOLESALE SERVICES INC., PHYSICIAN CHOICE PHARMACY LLC, POWER DISTRIBUTION ENTERPRISES LLC, PRANAM HEALTHCARE LLC, DBA SAN PEDRO PHARMA INC., PREMIER EQUIPMENT SOLUTIONS, INC., PRODUCT LTD., PRIORITY CARE PHARMACY LLC, AKA PRIORITY HEALTHCARE CORP., PRODUCT TRADE

SERVICES LTD., QAISER CHAUDHRY, QRX PHARMACY AND HEALTHCARE SUPPLIES, INC., DBA QRX2 PHARMACY & MEDICAL SUPPLIES INC., RAANAN COHEN, RALEIGH PAOLELLA-TITSCHINGER, RALPH AMATO, RAN LEV, RANDY TAMMARA, ROSEMARY ELIZABETH ANN PAY, SAM ZIGHELBOIM, SANTA ZAWAIDEH, SAVOY MEDICAL PRODUCTS, LLC, SHARINE XUAN, SHENAY USSEIN, SHERWOOD PRIME, INC., DBA SHERWOOD MEDICAL SUPPLIES, SHIE GREENFIELD, SHRINATHJI RX INC., DBA LANSDALE RX PHARMACY, SIMON R. DUFFELL, SMARTWAY PHARMACEUTICALS LTD, SMARTWAY PW HOLDINGS LTD., SPYRIDON PSONIS, DBA PARAPHARMACY STORE, STAMPMATIC, STEPHANIE HUQ, STEPHEN M. KRAUSE, STEVEN TAMMARA, STEVEN THUSS, STEVEN W. LABA, TADAS LEMESOVAS, TDC PHARMACEUTICAL CORPORATION, INC., DBA VITAL HEALTH PHARMACY, TDP TRADING, INC., TERRIFIC CARE LLC, DBA DEANWOOD NURSING, THOMAS GULIK, THUY PHAM, AKA DENIS PHAM, AKA HUY PHAM, TIFFANY RIGGS, ANTHONY KVENVOLD, WYNNE TREANOR-KVENVOLD, TORI GOLDSTEN, TOTAL PHARMACY INC., DBA EZ PHARMACY, TRUSTED MEDICAL SUPPLY LLC, VALLEY LIQUIDATION SERVICES LLC, DBA VLS, LLC, VICKIE MARTINO, VINH HUYNH, WILLIAM SEMAAN, YS MARKETING INC., FKA NUMED PHARMA INC., YUSUF MUSE, AKA YUSUF MOHAMED, YUXIN XUIE, YX ENTERPRICES CORP, Z WORLDWIDE, INC., 86 STREET PHARMACY, AL GRAY, DBA S D'FROG, DAVID STRATHY, DBA BARGIN PAWN, ELLA SELA, DBA ELLA'S VISION, JIGAL PATEL, AKA JIGNAL PATEL, KIMBERLY STEVENS, DBA STRIPS2CASH, KONG CHEUNG, AKA KONG CARL CHENG TUNG, LEHIGH PHARMACY & SUPPLIES, INC., SAYED RAZA, AKA SYED HASAN,

MIR DARWICHZADA, WHOLESALER DEFENDANTS, REPRESENTED BY GOODMAN & SAPERSTEIN, GOTTLIEB & JANEY, and STERN & SCHURIN,

> *Defendants*,

> v.

JASON YERT, KERR RUSSELL AND WEBER PLC,

> *Intervenors*.

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANTS H&H WHOLESALE SERVICES, INC. and HOWARD GOLDMAN: | PETER MICHAEL LEVINE, New York, NY |
| FOR APPELLANT LORI GOLDMAN: | JOSHUA H. EPSTEIN (David S. Greenberg, *on the brief*), Davis+Gilbert LLP, New York, NY |
| FOR APPELLEES: | TIMOTHY A. WATERS (Geoffrey Potter, Natalie G. Noble, Nicole Scully, *on the brief*), Patterson Belknap Webb & Tyler LLP, New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

7

Defendants-Appellants H&H Wholesale Services, Inc., Howard Goldman, and Lori Goldman (collectively, the "H&H Defendants") appeal from a March 29, 2023 judgment of the United States District Court for the Eastern District of New York (Amon, *J.*) imposing, after entry of a default judgment, $33,471,224 in damages for trademark infringement. Specifically, the H&H Defendants all challenge the District Court's award of damages without a jury trial. Lori Goldman alone also separately challenges the entry of default judgment against her. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2015 Abbott Laboratories, Abbott Diabetes Care Inc., and Abbott Diabetes Care Sales Corporation (collectively, "Abbott") sued hundreds of defendants for, among other things, trademark infringement under the Lanham Act, 15 U.S.C. § 1125(c). Five years into the litigation, the District Court granted Abbott's motion for case-ending sanctions against the H&H Defendants for repeatedly withholding responsive documents and providing misleading and inconsistent testimony in depositions and court filings. The District Court then held an inquest on damages, awarding $33,471,224 plus post-judgment interest

to Abbott.  Abbott's lawsuit against many of the remaining defendants is

ongoing.[1]

## I.      Right to a Jury Trial on Damages

On appeal, the H&H Defendants argue that they were entitled to a jury

trial on the issue of damages even after the District Court entered default

judgment.  Abbott argues that we need not reach the merits of this argument

because the H&H Defendants waived their right to a jury trial.  We agree with

Abbott.

"[T]he right of jury trial is fundamental," *Heyman v. Kline*, 456 F.2d 123, 129

(2d Cir. 1972) (quotation marks omitted), but it "may be waived by conduct of

the parties," *Royal Am. Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d

Cir. 1989).  A party waives its right to a jury trial if, with "notice that the trial

court [i]s planning to adjudicate the dispositive issues of fact," it "participate[s]

in a [nonjury proceeding] without objection."  *Id.* at 1018 (quotation marks

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, which permits us to hear appeals from partial final judgments.  *See Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008); Fed. R. Civ. P. 54(b).  The District Court's judgment against the H&H Defendants is a partial final judgment because: there are multiple defendants in Abbott's lawsuit; the judgment "finally determine[s]" the rights and liabilities of the H&H Defendants; and the District Court expressly determined that "there [wa]s no just reason for delay of entry of final judgment" against them.  *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018) (quotation marks omitted).

omitted); *accord Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 117–18 (2d Cir. 2021) (holding that participation "in a bench trial without objection" is enough to "constitute[] waiver of the jury trial right").

Initially, in the complaint and answer, both Abbott and the H&H Defendants demanded a jury trial. Once the District Court began considering Abbott's motion for case-ending sanctions, however, the H&H Defendants acquiesced to a damages inquest instead. Before the District Court imposed case-ending sanctions, counsel for the H&H Defendants stated that any trial on damages for the other defendants should *not* include the H&H Defendants. After the District Court granted the motion for case-ending sanctions, it requested that the parties address "the sequencing of a damages inquest against the H&H Defendants and a trial against the remaining defendants," Joint App'x 274, thereby putting the H&H Defendants on notice that it intended to hold an inquest on damages rather than a jury trial. But the H&H Defendants did not once argue that they had the right to a jury trial on damages. Instead, they argued that the damages inquest should follow any jury trial for the remaining defendants. They proposed as an alternative that the damages inquest be consolidated with a jury trial for the remaining defendants. Even as to this

10

alternative scenario, however, the H&H Defendants suggested that the District

Court, rather than a jury, could determine the amount of damages. The H&H

Defendants thereafter participated in the damages inquest without objecting that

they were entitled to a jury trial.

On appeal, the H&H Defendants describe their proposal to consolidate the

inquest with a jury trial but to have Judge Amon decide their damages as a

compromise, maintaining that their true request was to have a jury hear and

decide their damages. The record is to the contrary. The H&H Defendants'

primary request was for the damages inquest to *follow* a jury trial for the non-

defaulting defendants, and in making that request, the H&H Defendants clearly

acquiesced to a nonjury proceeding for determination of the damages they owed.

Based on this record, we conclude that the H&H Defendants waived their

right to a jury trial on damages.

## II.    Case-Ending Sanctions

Individually, Ms. Goldman appeals the merits of the District Court's

decision to impose case-ending sanctions against her. We review the District

Court's imposition of sanctions for abuse of discretion, *Rossbach v. Montefiore

Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023), though our review is "more exacting

11

than under the ordinary abuse-of-discretion standard" because the District Court "is accuser, fact finder and sentencing judge all in one," *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 113–14 (2d Cir. 2009) (quotation marks omitted). Here, the District Court imposed sanctions under its inherent powers, requiring it to find "clear and convincing evidence of bad faith." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020).

Ms. Goldman argues that the District Court abused its discretion because it imposed sanctions without first finding that she personally committed a fraud on the court and did so in bad faith. *See Wolters Kluwer*, 564 F.3d at 114 (explaining that, in the context of sanctions, "[b]ad faith is personal" (quotation marks omitted)). We disagree.

In the Report and Recommendation adopted by the District Court, Magistrate Judge Bloom identified multiple instances in which Ms. Goldman misled Abbott and the court by falsely claiming that she had no role at H&H and no responsive documents to produce. Indeed, the record establishes that Ms. Goldman continued to assert throughout the litigation that she had no meaningful involvement with the business activities at H&H, even though emails that she was eventually required to produce revealed that she maintained

an office at H&H, attended management meetings, and handled various aspects of the business. She used these misrepresentations to gain a litigation advantage: In response to Abbott's motion for a preliminary injunction, she argued that its claims against her were frivolous and sanctionable because she had no role at H&H. Abbott thereafter withdrew its motion for a preliminary injunction against her. Finally, as the District Court noted, Ms. Goldman was individually responsible for meeting her discovery obligations and for attempting to cover up the discovery violations. The District Court therefore did not abuse its discretion when it concluded that Ms. Goldman had personally acted in bad faith. *See Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 387–88 (2d Cir. 1981).

Ms. Goldman's arguments to the contrary are unavailing. First, she attempts to blame the discovery failures on her former lawyers and other H&H employees. Her effort fails not only because a client can be held to account for the "acts and omissions" of her counsel in connection with her discovery violations, *see Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 & n.10 (2d Cir. 1979), but also because Ms. Goldman is responsible for her false testimony to the District Court and at her deposition. In any event, there is no evidence in the record that her lawyers or other H&H

13

employees prevented her from producing responsive documents. *See id.* Second,

she argues that the District Court abused its discretion by declining to hold an

evidentiary hearing on Abbott's motion for sanctions. But the District Court

need not conduct an evidentiary hearing when, as here, "sanctions are based

entirely on an established record." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d

323, 335 (2d Cir. 1999). Finally, she contends that the District Court failed to

satisfy its obligation to consider lesser sanctions before dismissal. *See Shepherd v.

Annucci*, 921 F.3d 89, 97 (2d Cir. 2019). But the District Court acted within its

discretion in concluding that lesser sanctions would be ineffective given the

record of repeated discovery abuses, misrepresentations to the court, and the

prejudice to Abbott. *See S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148

(2d Cir. 2010) (holding that the district court is not "required to exhaust possible

lesser sanctions before imposing dismissal or default if such a sanction is

appropriate on the overall record").

We have considered the Defendants' remaining arguments and conclude

that they are without merit.  For the foregoing reasons, the judgment of the

District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
