*RSS WFCM2018-C44 - NY LOD, LLC v. 1442 Lexington Operating DE LLC*

# United States Court of Appeals For the Second Circuit

August Term 2022

Argued: February 7, 2023
Decided: February 13, 2023

No. 22-1

---

RSS WFCM2018-C44 - NY LOD, LLC,

*Plaintiff-Appellee*,

*v.*

1442 LEXINGTON OPERATING DE LLC,
AFSHIN HEDVAT, DANIEL RAHMANI,

*Defendants-Appellants*.[*]

---

Appeal from the United States District Court
for the Southern District of New York
No. 21-cv-4424, Denise Cote, *Judge*.

---

Before:      PARKER, SULLIVAN, and MERRIAM, *Circuit Judges*.

This case presents an apparently unresolved question in this Circuit: whether a district court's order granting a purportedly final judgment on a noteholder's claims seeking (1) foreclosure on a mortgage, (2) foreclosure on a security interest in real property, and (3) possession of said real property is an

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

appealable final judgment – even though the order *also* refers the case to a magistrate judge to calculate the amount of the judgment of foreclosure and sale. Because we conclude that such a judgment is not in fact "final" within the meaning of 28 U.S.C. § 1291, and that no other basis for appellate jurisdiction exists, we **DISMISS** the appeal.

DISMISSED.

DAVID V. MIGNARDI (Keith M. Brandofino, *on the brief*), Holland & Knight LLP, New York, NY, *for Plaintiff-Appellee RSS WFCM2018-C44 - NY LOD, LLC*.

MATTHEW FEINMAN (Steven Cohn, *on the brief*), Steven Cohn, PC, Carle Place, NY, *for Defendants-Appellants 1442 Lexington Operating DE LLC, Afshin Hedvat, Daniel Rahmani*.

RICHARD J. SULLIVAN, *Circuit Judge*:

This case presents an apparently unresolved question in this Circuit: whether a district court's order granting a purportedly final judgment on a noteholder's claims seeking (1) foreclosure on a mortgage, (2) foreclosure on a security interest in real property, and (3) possession of said real property is an appealable final judgment – even though the order *also* refers the case to a magistrate judge to calculate the amount of the judgment of foreclosure and sale. Because we conclude that such a judgment is not in fact "final" within the meaning of 28 U.S.C. § 1291, and that no other basis for appellate jurisdiction exists, we dismiss the appeal.

2

## I. BACKGROUND

In April 2018, 1442 Lexington Operating DE LLC (the "Borrower") obtained a loan from a lender, attendant to which the lender and the Borrower executed a loan agreement, promissory note, and mortgage agreement granting the lender a security interest in real property and improvements located at 1442 Lexington Avenue in Manhattan (the "Property"). At the same time, the lender also executed a guaranty agreement with Afshin Hedvat and Daniel Rhamani (the "Guarantors"). About a month later, the lender executed an allonge[1] to the note and an assignment of the mortgage, transferring its interest to the Wilmington Trust, National Association, acting as trustee for a commercial mortgage trust (the "Trust"). After the Borrower went into default, the Trust sent a notice of default in June 2020, a notice of acceleration in September 2020, and a second notice of default in March 2021.

Around the time of the second notice of default, RSS WFCM2018-C44 - NY LOD, LLC (the "Noteholder") was formed as a limited liability company with the Trust as its sole member, whereupon the Trust executed an allonge to the note,

---

[1] *Allonge*, Black's Law Dictionary (11th ed. 2019) ("A slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsement when the original paper is filled with indorsements.")

assignment of the mortgage, and a general assignment, transferring its interest to the Noteholder. Shortly thereafter, the Noteholder filed suit against the Borrower and Guarantors, asserting claims for foreclosure on the mortgage, foreclosure on the security interest in the Property, and possession of the Property (collectively, the "Foreclosure Claims"), as well as for breach of contract against the Guarantors (the "Guaranty Claim"). Before discovery was set to conclude, the Noteholder filed a motion to strike the Borrower's and Guarantors' answer, including the affirmative defenses asserted therein; the Noteholder also moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the Foreclosure Claims and to sever the Guaranty Claim pursuant to Rule 21.

The district court struck the Borrower's and Guarantors' affirmative defenses, granted the motion for summary judgment on the Foreclosure Claims, and granted the motion to sever the Guaranty Claim in an opinion and order, dated December 2, 2021. That same day, the district court issued an order and judgment (the "December 2, 2021 Order and Judgment"), which reiterated the conclusions of the opinion and order, and also stated that "[the Noteholder] is hereby granted final judgment as to the [Foreclosure Claims] of the Complaint" and that "the calculation of the amount of the judgment of foreclosure and sale is

4

hereby referred to" a magistrate judge. Sp. App'x at 13. In addition, the district court entered an order of reference to a magistrate judge for an "[i]nquest [a]fter [d]efault" or "[d]amages [h]earing." *Id.* at 14. The Borrower filed a notice of appeal on December 29, 2021, and no proceedings have occurred in the district court or before the magistrate judge in the interim.[2]

On appeal, the Borrower contends that the district court improperly struck certain affirmative defenses prior to entering summary judgment for the Noteholder on the Foreclosure Claims. Concerned, however, that we lacked jurisdiction to consider the appeal, we issued an order instructing the parties to be prepared to discuss our appellate jurisdiction at oral argument – during which the Borrower continued to assert jurisdiction, while the Noteholder conceded that we lacked jurisdiction. After due consideration of the parties' positions, we now dismiss the Borrower's appeal for lack of jurisdiction, without deciding the merits of the issues raised.

---

[2] Because the Guaranty Claim has been severed and no district court order even purports to grant final judgment as to that claim, we address only those arguments pertaining to the finality of the Foreclosure Claims. Accordingly, we hereinafter refer to the appeal as the Borrower's, despite the fact that the Guarantors were also listed on the notice of appeal.

5

## II.   DISCUSSION

"We turn first, as we must, to the issue of our [own appellate] jurisdiction." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).  Although no party suggested in their briefs that we lacked appellate jurisdiction, "we have an independent obligation to consider the presence or absence of subject[-]matter jurisdiction *sua sponte*." *Id.*

We begin with 28 U.S.C. § 1291 and find that we do not have jurisdiction under that provision.  As an initial matter, we note that "a district court's assertion of finality cannot deliver appellate jurisdiction to review a decision that is not otherwise 'final' for purposes of [section] 1291." *Henrietta D. v. Giuliani*, 246 F.3d 176, 181 (2d Cir. 2001).  In the same vein, "the district court's . . . directive to close the case [is] insufficient to vest this Court with jurisdiction under [section] 1291." *Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 111 (2d Cir. 2014) (internal quotation marks omitted).  Rather, section 1291 provides that a "court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts."  28 U.S.C. § 1291.  Generally speaking, a decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating*

*Eng'rs*, 571 U.S 177, 183 (2014) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)); *see also, e.g., Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 449 (2d Cir. 2013). Thus, a finding of liability is ordinarily not treated as a final decision for purposes of section 1291 when questions of remedy remain unresolved, unless it can be said that "only ministerial proceedings remain." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996) (internal quotation marks omitted).

These general rules also apply in the context of foreclosures. Once a judgment of foreclosure and sale is entered, it is generally final "because all that remains to be done is executing the judgment to enforce the rights and obligations that have been adjudicated." *HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771, 784–85 (7th Cir. 2015) (Hamilton, J., dissenting); *see also Ray v. Law*, 7 U.S. (3 Cranch) 179, 180 (1805); *Whiting v. Bank of U.S.*, 38 U.S. (13 Pet.) 6, 15 (1839). Some foreclosure orders, however, "are not final and appealable . . . because they leave undecided questions going to the merits of the dispute," such as the amount due upon the debt. *Townsend*, 793 F.3d at 785 (Hamilton, J., dissenting). For example, a foreclosure decree is not truly final if it solely "overrules the defense of the [mortgagor] as set forth in his cross-bill, and declares that the [mortgagee] is the holder and owner of the debt secured by the deeds of trust, but refers the case to

7

an auditor to ascertain the amount due upon the debt, the amount due certain judgment and lien creditors, the existence and priorities of liens, and the claims for taxes." *Grant v. Phx. Mut. Life Ins. Co.*, 106 U.S. 429, 431 (1882).[3]

Here, the district court's December 2, 2021 Order and Judgment explicitly leaves unresolved the question of the amount due upon the debt. Although it states that "[the Noteholder] is hereby granted final judgment as to the [Foreclosure Claims]," and vaguely alludes to an "auction . . . pursuant to [N.Y. Real. Prop. Acts.] § 1351" having been ordered, it *also* specifies that "the calculation of the amount of the judgment of foreclosure and sale is hereby referred to" a magistrate judge. Sp. App'x at 12–13; *see also, e.g.*, J. App'x at 28 (complaint seeking the "[f]ixing [of] the amount due to [the Noteholder] pursuant to the [l]oan [d]ocuments"); *id.* at 537 (the Noteholder's motion for summary judgment explaining that it sought "refer[al] of the calculation of the amount of the judgment of foreclosure and sale to a [m]agistrate [j]udge to determine the amount due and

---

[3] *See also N.C. R.R. Co. v. Swasey*, 90 U.S. (23 Wall.) 405, 409–10 (1874) (order not final when the amount of the debt and property to be sold were not specified, even though a "master ha[d] been directed to state the account of the indebtedness to the plaintiff"); *Burlington, C. R. & N. Ry. Co. v. Simmons*, 123 U.S. 52, 54 (1887) (order not final where "[t]he validity of [a] lien as security for the amount due on [a] mortgage ha[d] been declared, but what that amount is ha[d] not been fixed," and the lower court expected further action before it could carry decree into effect); *McGourkey v. Toledo & O. C. Ry. Co.*, 146 U.S. 536, 545–46 (1892) (order not final where it "merely determine[d] the validity of the mortgage, and, without ordering a sale, direct[ed] the case to stand continued for further decree upon the coming in of the master's report").

8

owing to [the Noteholder] on the [l]oan"). Because the remedy – i.e., the amount to be paid to the Noteholder from the future sale of the Property – has not yet been determined, the judgment is not yet final within the meaning of section 1291. *See Grant*, 106 U.S. at 431; *Swasey*, 90 U.S. (23 Wall.) at 409–10; *Simmons*, 123 U.S. at 54; *McGourkey*, 146 U.S. at 545–46.

Nor do we have any basis to say that the tasks referred to the magistrate judge are merely "ministerial." *Transaero*, 99 F.3d at 541 (characterizing the ministerial-proceedings exception as "a narrow exception reserved for the case where an award can be executed after a simple arithmetic calculation or where there remains only some other mechanical task to be performed"); *accord Mead*, 768 F.3d at 110–11. The calculation of "the amount due and owing to [the Noteholder] on the [l]oan," J. App'x at 537, will involve resolving underlying factual questions, such as the amount already paid on the loan to date. Indeed, at oral argument, the Borrower stated that although it did not "anticipate any dispute," it nevertheless envisioned being able to appeal again "if there were any issues in the computation." Oral Arg. at 5:30–46, 7:52–8:50. The very possibility of disputes "that might well require rulings by the [magistrate judge and] district court, which in turn could become the subject of a future appeal," *Arp Films, Inc. v. Marvel Ent.*

9

*Grp., Inc.*, 905 F.2d 687, 689 (2d Cir. 1990), makes clear that we do not have jurisdiction under 28 U.S.C. § 1291.[4]

Having now determined that we lack jurisdiction to hear the Borrower's appeal under 28 U.S.C. § 1291, we still must ask whether there is some other basis for appellate jurisdiction. We find none.

The district court did not certify its judgment as final and appealable under Federal Rule of Civil Procedure 54(b) in its December 2, 2021 Order and Judgment. And even if it did, this Court would have to "consider for itself whether the judgment satisfies the requirements of that rule." *Townsend*, 793 F.3d at 778 (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976)); *see also Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 139–43 (2d Cir. 2014). Nor has the district court been asked to certify a controlling issue of law for interlocutory appeal under 28 U.S.C. § 1292(b); and again, even if the district court did certify, this Court would have discretion as to whether to permit such an appeal. *See*

---

[4] An order may also be final under 28 U.S.C. § 1291 pursuant to the collateral-order doctrine. *See generally Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949); *Will v. Hallock*, 546 U.S. 345 (2006). But that doctrine is plainly inapposite here, as the December 2, 2021 Order and Judgment is neither an "important issue *completely separate* from the merits of the action," nor would it be "*effectively unreviewable* on appeal from a final judgment." *United States v. Bescond*, 24 F.4th 759, 766 (2d Cir. 2021) (emphasis added) (citation omitted).

*Petersen Energía Inversora S.A.U. v. Argentine Republic*, 895 F.3d 194, 212 (2d Cir. 2018).

Similarly, 28 U.S.C. § 1292(a)(1) – which grants appellate jurisdiction over "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions" – is inapplicable here. 28 U.S.C. § 1292(a)(1). The December 2, 2021 Order and Judgment did not contain any of the standard indicia of an injunction. *See Petrello v. White*, 533 F.3d 110, 115–16 (2d Cir. 2008) (finding that order was not injunctive in nature due to the failure to conform to the requirements of Federal Rule of Civil Procedure 65(d)(1) and failure to impose any deadline). Rule 65(d)(1) requires that "[e]very order granting an injunction and every restraining order must . . . state its terms specifically" and "describe in reasonable detail – and not by reference to the complaint or other document – the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). Yet, again, the December 2, 2021 Order and Judgment only obliquely references an "auction . . . ordered herein pursuant to [N.Y. Real. Prop. Acts.] § 1351" and generally states that "final judgment" is granted as to the Foreclosure Claims. Sp. App'x at 12–13. In any event, to the extent it can be construed as a decree foreclosing the mortgage, ordering sale, and granting possession, it fails to

11

impose any deadline by which the Borrower must comply. *See Petrello*, 533 F.3d at 116 ("[A]n injunction that requires a party to take affirmative actions must – in order that he may be sufficiently cognizant of his obligations to avoid being held in contempt – be sufficiently detailed to enable him to ascertain from the injunction the time by which he must take the required steps."). Under these circumstances, we cannot say that the December 2, 2021 Order and Judgment amounts to an injunction for purposes of 28 U.S.C. § 1292(a)(1).[5]

Finally, we do not have jurisdiction under "the long[-]standing rule of *Forgay v. Conrad*[,] under which an order is treated as final if it directs the immediate delivery of property and subjects the losing party to irreparable harm if appellate review is delayed." *In re Martin-Trigona*, 763 F.2d 135, 138–39 (2d Cir. 1985) (citing *Forgay v. Conrad*, 47 U.S. (6 How.) 201, 204 (1848)); *see also Taylor v. Bd. of Educ.*, 288 F.2d 600, 603 (2d Cir. 1961) ("The scope of this doctrine is narrow and rests upon the potential factor of irreparable injury . . . ." (internal quotation marks

---

[5] We have suggested that jurisdiction under section 1292(a)(1) may also lie where the district court enters a directive that has the "practical effect" of an injunction. *Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 224 (2d Cir. 2010) (discussing *Carson v. Am. Brands, Inc.*, 450 U.S. 79 (1981)). To avail itself of this possibility, however, the Borrower must "show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectively challenged only by an immediate appeal." *Carson*, 450 U.S. at 84 (internal quotation marks omitted); *accord Sahu v. Union Carbide Corp.*, 475 F.3d 465, 467 (2d Cir. 2007); *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 632 (2d Cir. 1995). No such showing has been made here, in part for the reasons discussed below with respect to the *Forgay* doctrine.

omitted)).  To be sure, if the forced sale of the Property were on the *immediate* horizon, the potential for irreparable harm might merit jurisdiction.  *See, e.g., Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 337–38 (5th Cir. Unit B. May 1981) ("[A]n order in a foreclosure proceeding that directs the *immediate* sale of specified property is in all respects a final order for purposes of appeal." (emphasis added)); *United States v. Davenport*, 106 F.3d 1333, 1335 (7th Cir. 1997) (holding that an order directing immediate sale of the taxpayers' home to satisfy a tax lien was appealable under the *Forgay* doctrine).  But in our case, there is no order requiring that the Property be immediately sold; to the contrary, the Borrower conceded at oral argument that sale cannot occur before the magistrate judge calculates the amount due upon the debt.  *See* Oral Arg. at 17:26–17:40; *see also id.* at 12:43–13:15 (the Noteholder agreeing and laying out additional subsequent steps).  As a result, the Borrower would not be irreparably harmed by delaying appellate review at least until the calculation of the amount of the judgment of foreclosure and sale. *See* 15A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

13

§ 3910 (3d ed. Sept. 2022 Update) ("Appeals [under the *Forgay* doctrine] are denied in easy cases, such as those that do not involve immediate execution . . . .").[6]

## III.  CONCLUSION

For the reasons stated above, we **DISMISS** the appeal for lack of jurisdiction.  Once the district court reaches final judgment(s), the Borrower and Guarantors may file new timely appeal(s), with the filing fee waived, raising any or all of the issues asserted in the present appeal and such others as they deem appropriate.[7]  The Clerk of Court is respectfully directed to refer any such appeal to this panel for disposition.  Unless either party objects, the briefs and appendices of the present appeal shall serve for the new appeal.  Should the Court order additional briefing, the Clerk of Court shall set an expedited briefing schedule.

---

[6] In light of this conclusion, we need not decide whether the Supreme Court's decision in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), overruled the *Forgay* doctrine.  *See Townsend*, 793 F.3d at 780–81.

[7] Although this opinion has focused on the jurisdictional issues discussed above, we note that there may be other jurisdictional defects that could be raised by the parties or the Court on a renewed appeal.  *See Spencer, White & Prentis Inc. of Conn. v. Pfizer Inc.*, 498 F.2d 358, 361–64 (2d Cir. 1974); *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 440–44 (7th Cir. 2006).