22-699 (L)
*New Falls Corp. v. Soni Holdings, LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-three.

PRESENT:

> PIERRE N. LEVAL,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

—————————————————————————

NEW FALLS CORPORATION,
　　　　　*Plaintiff-Appellee,*

　　　　　v.                                                    Nos. 22-699 (L), 22-700 (Con)

SONI HOLDINGS, LLC, KUNAL SONI, ANJALI SONI, 632 MLK BLVD JR LLC, OM P. SONI, SONI CAPITAL RESOURCES, LLC, WEANONA HUGIE, RICHARD SPEARS,
　　　　　*Defendants-Appellants.*\*

—————————————————————————

———————————————

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| For Defendants-Appellants Soni Holdings, LLC, Kunal Soni, Anjali Soni, 632 MLK BLVD JR LLC, Om P. Soni, Soni Capital Resources, LLC: | WESLEY R. MEAD, The Mead Law Firm, P.C., Brooklyn, NY. |
|---|---|
| For Defendants-Appellants Weanona Hugie, Richard Spears: | ERIC J. WARNER, Law Office of Eric J. Warner, LLC, Newark, NJ. |
| For Plaintiff-Appellee: | STEVEN P. GIORDANO, Vlock & Associates, P.C., New York, NY. |

Appeals from an order of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeals are **DISMISSED**.

Defendants Soni Holdings, LLC, Kunal Soni, Anjali Soni, 632 MLK BLVD JR LLC, Om P. Soni, Soni Capital Resources, LLC (collectively, "Soni") appeal from an order of the district court denying their request for leave to move for judgment on the pleadings in connection with a lawsuit filed over three years earlier by Plaintiff New Falls Corporation ("New Falls"). Defendants Richard Spears and Weanona Hugie (together with Soni, "Defendants") appeal from the same order, which also denied their application to file a late answer or renewed motion to

2

dismiss. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The operative complaint alleges that Soni fraudulently conveyed a property located in Newark, New Jersey to evade enforcement of a judgment that New Falls obtained against Soni in the United States District Court for the Northern District of Alabama. The complaint also asserts that Soni and various individual defendants – including Spears and Hugie – violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), by committing various fraudulent conveyances and abusing the corporate structure of Soni Holdings, LLC. Approximately three years after New Falls filed the operative complaint, Soni requested the district court's permission to move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Likewise, nearly twenty months after the district court denied their initial motion to dismiss with leave to renew, Spears and Hugie sought leave to file an answer or, alternatively, to renew their motion to dismiss under Rule 12(b). Finding Defendants' delay inexcusable, the district court denied their requests.

As a threshold matter, Defendants contend that we have jurisdiction to review the district court's order. Specifically, Spears and Hugie argue that the

3

district court's order constitutes a final decision under the collateral-order doctrine, while Soni asserts that the order is appealable under 28 U.S.C. § 1292(a)(1) as an interlocutory order granting, continuing, or modifying an injunction. In the alternative, Soni seeks a writ of mandamus. We address each of these arguments in turn.

Because the district court's order denying Spears and Hugie's request to file a late answer or motion to dismiss is not "one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision," *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008), we may review it under 28 U.S.C. § 1291 only if it falls within the "narrow exception" created by the collateral-order doctrine, *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (internal quotation marks omitted). To qualify as a collateral order, the district court's order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

Spears and Hugie argue that the district court's order meets this standard because it "effectively forc[es] them into default," Spears & Hugie Br. at 3, and

4

places them "in procedural limbo," in which "they are unable to interpose [any] defenses," Reply at 4. But this characterization of the district court's order is unfounded. Spears and Hugie cite no authority – and we can find none ourselves – for the proposition that a denial of leave to file an overdue answer or motion to dismiss is "effectively" an entry of default. Spears & Hugie Br. at 3. To the contrary, under Rule 55, "the clerk [of court]" may enter default only after the defaulting party's "fail[ure] to plead or otherwise defend . . . [has been] shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Here, no such affidavit was submitted after the district court vacated a prior default judgment against Spears and Hugie, and accordingly, no new default has since been entered by the clerk of court against them.

Nor are Spears and Hugie left "unable to interpose [any] defenses" by the district court's order. Reply at 4. While Spears and Hugie's failure to answer the complaint may "constitute a concession of all well[-]pleaded allegations," *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), whether those "allegations establish [their] liability as a matter of law" remains something that they may challenge and that the district court is ultimately "required to determine," *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see*

5

*also Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("[T]he defense of failure to state a claim is not waivable."); Fed. R. Civ. P. 12(h)(2)(C) ("Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised[] . . . at trial."). Moreover, we have long held that a party's failure to answer "is not considered an admission of damages," *Greyhound*, 973 F.2d at 158; rather, a plaintiff must still prove that element of the claim "in an evidentiary proceeding in which the defendant has the opportunity to contest the amount," *id.*; *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("[Notwithstanding a party's default,] the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."); Fed. R. Civ. P. 8(b)(6) ("An allegation – *other than one relating to the amount of damages* – is admitted if a responsive pleading is required and the allegation is not denied." (emphasis added)).

Like most interlocutory orders, the district court's denial of leave will ultimately "merge with the judgment for purposes of appellate review," *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007) (quoting *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir.1999)), at which point "all claims of error" will be channeled

"in[to] a single appeal," *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020). But at this point, the district court has not issued a judgment against Spears and Hugie. Because Spears and Hugie have failed to articulate any reason why the district court's order constitutes a collateral order – including why it would "be effectively unreviewable on appeal from a final judgment," *Coopers*, 437 U.S. at 468 – we cannot conclude that the district court's order is appealable as a final decision under section 1291.

We are also unpersuaded by Soni's argument that the district court's decision denying it leave to file a motion for judgment on the pleadings is reviewable as an order "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). For purposes of evaluating jurisdiction under section 1292(a)(1), "[w]e must look to the substance of the district court's order, not just its form," and determine whether the order is "injunctive in nature." *Etuk v. Slattery*, 936 F.2d 1433, 1439–40 (2d Cir. 1991). "To qualify as an 'injunction' under [section] 1292(a)(1)," the challenged order must, among other things, "pass muster under Rule 65(d) of the Federal Rules of Civil Procedure, which requires that injunctions be 'specific in terms' and 'describe in reasonable detail . . . the act or acts sought to be

7

restrained.'" *Henrietta D. v. Giuliani*, 246 F.3d 176, 182 (2d Cir. 2001) (quoting Fed. R. Civ. P. 65(d)); *see also Petrello*, 533 F.3d at 114–16; *RSS WFCM2018-C44 - NY LOD, LLC v. 1442 Lexington Operating DE LLC*, 59 F.4th 586, 592 (2d Cir. 2023). Here, the district court's order falls short of Rule 65(d)'s requirements, since it does not describe any "acts restrained or required," much less "in reasonable detail." Fed. R. Civ. P. 65(d)(1)(C). Soni's argument that the district court's order amounts to a "modification of the existing injunction" also fails. Soni Br. at 1. To constitute "a modification" of an injunction for purposes of section 1292(a)(1), the challenged order must "alter[] the legal relationship between the parties, or substantially change[] the terms and force of the injunction." *Weight Watchers Intern., Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141–42 (2d Cir. 2005) (quoting *Mikel v. Gourley*, 951 F.2d 166, 1669 (8th Cir. 1991)). In this case, the district court's order denies *Soni* leave to file a motion for judgment on the pleadings; it does not alter the legal relationship between *Soni* and *New Falls* or even mention the injunction restraining the Newark property, much less modify its terms. *See* J. App'x at 225–27.[1]

---

[1] As we explained at length once before in this litigation, because Soni failed to file a timely appeal from the district court's preliminary injunction, "[s]ection 1292 . . . does not permit our review of [Soni's] efforts 'simply to revisit the initial injunction decision or resurrect an expired time for appeal.'" *New Falls Corp. v. Soni Holdings, LLC*, No. 21-865, 2022 WL 2720517, at *1 (2d Cir. July 14, 2022) (quoting 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3924.2 (3d ed. 2002)).

Accordingly, because the order is not an injunction or a modification of an injunction, we lack jurisdiction under section 1292(a)(1) to hear Soni's claim.

We do not credit Soni's claim that the district court eliminated any possibility of a jury trial, thereby violating Defendants' constitutional rights and – when combined with the denial of leave to file their motion – effectively rendering the injunction permanent.   While the district court's statement to the effect that there would be no trial was extreme on its face, it was clear in context that all it meant was that there would be no trial in the near future due to the difficulties the court had encountered in the COVID-19 pandemic and the judge's view that the parties would benefit from court-sponsored mediation; it did not mean that there would never be a trial.

As for Soni's demand for mandamus relief, we decline to grant this "drastic and extraordinary" remedy because Soni has not satisfied the "three conditions" for a mandamus action specified in *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004).

For these reasons, we **DISMISS** the appeals for want of appellate jurisdiction.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Defendants are reminded again that "the frivolous invocation of appellate jurisdiction, or the presentation of frivolous arguments concerning appellate jurisdiction, is sanctionable." *New Falls Corp. v. Soni Holdings, LLC*, No. 20-2715, Doc. No. 67, at 2 (2d Cir. Dec. 1, 2020); *see also Parmar v. Jeetish Imports, Inc.*, 180 F.3d 401, 402–03 (2d Cir. 1999) (awarding "(1) double costs on [the] appeal . . . , and (2) reasonable attorneys' fees in connection with [the] appeal and [the plaintiff's] motion for sanctions" against the defendant for "frivolous invocations of appellate jurisdiction").