24-1256
*Lewis v. Paymaster Payroll Systems*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty-five.

Present:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge*,
>    GERARD E. LYNCH,
>    BETH ROBINSON,
>        *Circuit Judges*.

———————————————————————————

SCOTT PHILLIP LEWIS,

>        *Plaintiff-Appellant*,

>    v.                                                          24-1256

PAYMASTER PAYROLL SYSTEMS, INC., JOSEPH POMPO, KENNETH CARDARELLI,

>        *Defendants-Appellees*.

———————————————————————————

| | |
|---|---|
| For Plaintiff-Appellant: | SCOTT PHILLIP LEWIS, pro se, Lake Placid, NY. |
| For Defendants-Appellees: | William C. Sullivan, Law Office of William C. Sullivan, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Plaintiff-Appellant Scott Phillip Lewis ("Lewis") appeals from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*), entered on April 9, 2024, dismissing his complaint on its own initiative without prejudice. Adopting the magistrate judge's Report-Recommendation and Order, the district court stated in its Memorandum-Decision and Order that, "[i]n light of [Lewis's] *pro se* status, the Court will afford [Lewis] an opportunity to amend his complaint." Dist. Ct. Doc. No. 9 at 9.[1] On the same page of that document, however, the district court ordered "the Clerk of the Court [to] enter judgment in Defendants' favor and close this case." *Id.* And the court's judgment, issued the same day in a separate document, did not mention possible amendment and stated that "the Clerk of the Court shall enter judgment in Defendants' favor and close this case." Dist. Ct. Doc. No. 10. Lewis had previously indicated in his objections to the magistrate judge's Report-Recommendation and Order that he would file "an anticipated amended complaint." Dist. Ct. Doc. No. 8 at 4. However, he did not do so and instead appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We are obligated to consider our jurisdiction even when not raised by the parties. *See Swede v. Rochester Carpenters Pension Fund*, 467 F.3d 216, 219 (2d Cir. 2006). As relevant here, 28 U.S.C. § 1291 provides that a court of appeals "shall have jurisdiction of appeals from all final decisions of the district courts." "[A] decision is considered final if it 'ends the litigation on

---

[1] The magistrate judge had previously recommended that Lewis be "afforded an opportunity to amend," because "[e]ach of the deficiencies" in his complaint "could potentially be rectified by more detailed pleading." Dist. Ct. Doc. No. 7 at 5.

the merits and leaves nothing for the court to do but execute the judgment.'"  *RSS WFCM2018-C44 - NY LOD, LLC v. 1442 Lexington Operating DE LLC*, 59 F.4th 586, 590 (2d Cir. 2023) (quoting *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs*, 571 U.S. 177, 183 (2014)).  "A dismissal with leave to amend is a non-final order and not appealable." *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006).

The district court's judgment in this case is best construed as a dismissal with leave to amend.  Though some of the court's language could be read to suggest that it considered its judgment final, "a district court's assertion of finality cannot deliver appellate jurisdiction to review a decision that is not otherwise 'final' for purposes of § 1291."  *Henrietta D. v. Giuliani*, 246 F.3d 176, 181 (2d Cir. 2001).  Accordingly, a "district court's directive to 'close the case' is insufficient to vest this Court with jurisdiction under § 1291."  *Id.*; *see also Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 111 (2d Cir. 2014) (per curiam) ("The district court's directive to 'close the case' and its subsequent entry of a separate 'judgment' does not alter the conclusion that the December 2010 order is not final.").  Here, the district court expressly indicated that it would "afford [Lewis] an opportunity to amend his complaint."  Dist. Ct. Doc. No. 9 at 9.  And in directing the Clerk of the Court to "close th[e] case" on the same day (and on the same page), it did not retract this grant of leave to amend.  *Id.*  Thus, the district court's decision was not final.

Although "an appellant can render such a non-final order 'final' and appealable by disclaiming any intent to amend," Lewis did not do so here.  *Slayton*, 460 F.3d at 224.  To the contrary, Lewis indicated in his objections to the magistrate judge's Report-Recommendation and Order that he would file "an anticipated amended complaint."  Dist. Ct. Doc. No. 8 at 4.  We have also held that "[e]ven where the appellant does not explicitly disclaim intent to replead, we will treat a premature appeal from a judgment granting leave to amend as an appeal from a final

3

judgment if the deadline for amendment has passed." *Slayton*, 460 F.3d at 224 n.7; *see also Salmon v. Blesser*, 802 F.3d 249, 252 n.2 (2d Cir. 2015) (same). Yet here, the district court did not impose a deadline for amendment, so Lewis was authorized to—and still may—file an amended complaint in the district court. Moreover, a litigant (particularly a pro se litigant like Lewis) might reasonably have interpreted the district court's Memorandum-Decision and Order— which purported to simultaneously "afford . . . an opportunity to amend" and "close th[e] case"— as permitting amendment only after the resolution of an appeal. Dist. Ct. Doc. No. 9 at 9. In view of this ambiguity, and Lewis's prior indication that he planned to file an amended complaint, we cannot infer solely from his decision to appeal that he has "disclaim[ed] any intent to amend." *Slayton*, 460 F.3d at 224. Thus, because the "matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." *U.S. ex rel. Polansky v. Pfizer, Inc.*, 762 F.3d 160, 163 (2d Cir. 2014) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

\* \* \*

Accordingly, we **DISMISS** the appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4