*United States v. Andrews*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-five.

Present:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Plaintiff-Counter-*
> *Defendant-Appellee*,

> v.                                                                                          24-1479

JEFFREY ANDREWS,

> *Defendant-Counter-*
> *Claimant-Appellant*.*

_____

---

* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

FOR PLAINTIFF- APPELLEE:                          Arielle Mourrain Jeffries, *for* Todd Kim, Assistant Attorney General, United States Department of Justice, Washington, DC.

FOR DEFENDANT- APPELLANT:                     Jeffrey Andrews, pro se, Wallingford, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

In 2020, the United States, on behalf of the Environmental Protection Agency ("EPA"), filed a civil complaint against Jeffrey Andrews, claiming that he violated the Clean Water Act ("CWA") by (1) discharging pollutants into the waters of the United States, in violation of CWA Section 301(a); and (2) refusing to provide information and access required by the EPA, in violation of CWA Section 308.[1]

The district court granted the government's motion for summary judgment on Andrews's liability and entered an order on remedies and injunctive relief.[2] *See United States v. Andrews*, 677 F. Supp. 3d 74 (D. Conn. 2023). The district court later entered a "default and final judgment,"

---

[1] The complaint also named Andrews's wife and children. The district court granted default judgment against them. *See United States v. Andrews*, No. 3:20-CV-1300 (JCH), 2024 WL 2801708 (D. Conn. May 2, 2024). On appeal, Andrews at times refers to his wife and children, but we construe his brief as representing only himself and do not address the arguments he purports to raise on behalf of his family. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("[A] parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child.").

[2] The district court later entered a partial final judgment as to liability and injunctive relief against Andrews, pursuant to Fed. R. Civ. P. 54(b). Andrews elected not to appeal until after the district court entered its judgment as to the other defendants. Neither his notice of appeal nor amended notice of appeal identifies the Rule 54(b) dismissal.

2

reiterating the terms of the injunction and specifying that Andrews was jointly and severally liable with the other defendants for restoration costs. *See United States v. Andrews*, No. 3:20-CV-1300 (JCH), 2024 WL 2800232 (D. Conn. May 3, 2024). Proceeding pro se, Andrew now appeals the district court's May 3, 2024 order. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I. Appellate Jurisdiction

The district court has not issued a "final decision" within the meaning of 28 U.S.C. § 1291 because it has not decided whether to impose civil penalties and if so how much. *See RSS WFCM2018-C44-NY LOD, LLC v. Lexington Operating DE LLC*, 59 F.4th 586, 590 (2d Cir. 2023) ("[A] finding of liability is ordinarily not treated as a final decision for purposes of section 1291 when questions of remedy remain unresolved."). Still, we have jurisdiction over "[i]nterlocutory orders . . . granting, continuing, modifying, refusing, or dissolving injunctions." 28 U.S.C. § 1292(a)(1). And because the order Andrews appeals entered injunctive relief against him, "we may also address the summary judgment order that served as the district court's principal legal basis for granting the injunction." *Shakhnes v. Berlin*, 689 F.3d 244, 250 n.3 (2d Cir. 2012) (quotation marks omitted).

## II. Liability

"We review *de novo* the District Court's grant of summary judgment." *1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 463 (2d Cir. 2020). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quotation marks omitted).

Section 301 of the CWA prohibits the "discharge of any pollutant" into "navigable waters" without a permit issued by the EPA. 33 U.S.C. §§ 1311(a), 1342. Section 308 requires owners of "any point source" to provide information to the EPA as it "may reasonably require" to determine whether a violation has occurred. *Id.* § 1318(a). Here, Andrews admits that he never acquired a permit. And he does not deny his failure to comply with the EPA's requests for information and access to his property. Instead, Andrews argues that the case should have been dismissed because there is no surface water on his property. *See* Appellant's Br. at 6-7. We disagree.

The CWA applies to wetlands that have "a continuous surface connection" with "relatively permanent bod[ies] of water connected to traditional interstate navigable waters." *Sackett v. EPA*, 598 U.S. 651, 678 (2023) (cleaned up). So the CWA does not require surface water but only soil that is regularly "saturated by surface or ground water." 33 C.F.R. § 328.3(c)(1). And Andrews fails to rebut the expert report concluding that his property had wetlands connected to traditional navigable waters.

Andrews next contends that the district court did not properly apply the Submerged Lands Act and Supreme Court precedent. *See* Appellant's Br. at 7-10, 12-13. But the Submerged Lands Act is inapposite to violations of the CWA. *See generally* 43 U.S.C. §§ 1301 *et seq.*; *Alaska v. United States*, 545 U.S. 75, 79 (2005). And the cases Andrews cites do not relieve his obligation to comply with the CWA. *See generally Koontz v. St. Johns River Mgmt.*, 570 U.S. 595 (2013); *Lucas v. S.C. Coastal Council*, 505 U.S. 1003 (1992); *Kaiser Aetna v. United States*, 444 U.S. 164 (1979).

Andrews's constitutional arguments fare no better. His Fourth, Eighth, and Fourteenth Amendment claims are not properly before us because he failed to preserve those arguments. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021) (declining to reach

4

claim raised for the first time on appeal by a pro se litigant). His Fifth and Ninth Amendment arguments fail because his answer—filed through counsel—abandoned his counterclaims. And even if the restriction on the property amounted to a taking, the proper recourse would be to seek compensation.[3] *See United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 129 n.6 (1985) ("[I]f the [government] has indeed effectively taken respondent's property, respondent's proper course is not to resist the . . . suit for enforcement by denying that the regulation covers the property, but to initiate a suit for compensation.").

In sum, Andrews has not shown that the district court erred by granting summary judgment to the government as to his liability under the CWA.

## III.    Restorative Injunction

"We review the scope of a district court's injunction for abuse of discretion." *Shakhnes*, 689 F.3d at 250 (quotation marks omitted). "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Picard v. Magliano*, 42 F.4th 89, 96-97 (2d Cir. 2022) (quotation marks omitted).

Andrews does not explicitly challenge the district court's injunctive order. Nor does he argue that the district court abused its discretion in ordering the injunction. But to the extent that we construe his arguments as challenging the injunction, such a challenge would be meritless. As

---

[3] The district court assumed without deciding that a taking occurred for the purpose of disposing of Andrews's Takings Clause argument. But the district court never found that there was a taking, and Andrews does not point to evidence about the CWA's economic impact on his use of the property.

explained above, Andrews fails to defeat the CWA claims, so we find no abuse of discretion in the district court's decision to order a restorative injunction.

Finally, Andrews requests a nationwide permanent injunction to prevent the Department of Justice, EPA, and Army Corps of Engineers from enforcing the CWA on private property. Because he did not seek such relief below, his request is forfeited.

\* \* \*

We have considered Andrews's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court, to the extent that it imposed injunctive relief against Andrews.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court